## BRYAN v. REIFF ET AL.

[No. 23,897.   Filed June 20, 1922.]

1. TRIAL.—*Conclusions of Law.—Sufficiency.—Venire de Novo.* —Insufficiency of conclusions of law cannot be challenged by a motion for a *venire de novo,* since such motion challenges only the verdict or finding.   p. 265.

2. TRIAL.—*Findings.—Sufficiency.—Venire de Novo.*—In an action on a note, and to foreclose a mortgage on land, a special finding of facts stating the amount due upon the note and mortgage, and for abstracts, insurance and attorney fees, as provided in the mortgage, was sufficient upon which to base a judgment for the sum of the items mentioned, and a motion for a *venire de novo* on the ground that a specified conclusion of law did not recite the amount that plaintiff was entitled to recover, but merely stated that recovery should be for the sums found due plaintiff by the special finding, was properly overruled; *venire de novo* not being the proper method of challenging insufficiency of conclusions of law.   p. 266.

3. APPEAL.—*Briefs.—Sufficiency.—Recital of Evidence.*—Where appellee's brief recited evidence claimed to have been omitted from appellant's brief or inaccurately stated therein, and no reply brief was filed or denial made by appellant, appellee's statement as to the evidence will be accepted as true.   p. 266.

4. APPEAL.—*Review.—Evidence.—Sufficiency to Support Findings.*—Where there is evidence which, if accepted as true and all evidence to the contrary rejected as incorrect, is sufficient to prove the facts found by the trial court, the evidence is sufficient to support the special findings.   p. 267.

5. APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action on a note and to foreclose a mortgage on land, contested by one who claimed that he was the owner of the land at the time it was mortgaged, and that the mortgage was executed without authority from him, evidence *held* sufficient to sustain the findings and decision based thereon in favor of plaintiff.   p. 267.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Lester B. Reiff against Louis A. Bryan and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*Otto J. Bruce, William H. Matthew* and *Foster Bruce,* for appellant.

*J. Kopelke,* for appellees.

EWBANK, J.—The appellee, Lester B. Reiff, brought this action against his coappellees and the appellant, asking a personal judgment on a note for $25,000, signed by four of said coappellees, and the foreclosure of a mortgage given by them on certain lands, the title to which is now held by appellant. Appellant and certain others filed an answer alleging that at the time the mortgage was executed he was the owner of the lands which it purported to convey, that the plaintiff (appellee Reiff) knew that fact, and that the mortgage sued on was executed by certain of his codefendants (appellees herein) without any authority from him. The plaintiff (appellee Reiff) replied by a denial, and by pleading facts which, if true, would estop appellant to dispute the validity of the mortgage. Upon proper request and after hearing evidence the court made a special finding of facts, and stated conclusions of law, on which a judgment was rendered against the makers of the note and mortgage for $34,389.10, with a decree foreclosing the mortgage as against all the defendants, including appellant, and ordering the mortgaged real estate sold to satisfy the debt. Appellant excepted to each conclusion of law, and to the overruling of his motions for a *venue de novo* and for a new trial, respectively. The assignment of errors presents each of these exceptions for review.

The only alleged cause for a *venire de novo* urged by appellant in his brief is that the first conclusion of law did not recite the amount that the plaintiff was entitled to recover, but merely stated that "plaintiff is entitled to recover the sums so found due him" by the special finding. A motion for a *venire de novo* challenges only the verdict or finding. If that is

sufficient any insufficiency of the conclusions of law should be challenged by another method. The conclusions of law are not the proper place for findings of fact. *Lesh* v. *Davison* (1914), 181 Ind. 429, 430, 431, 104 N. E. 642.

The special finding stated, in paragraph 23, that the amounts due plaintiff from the mortgagors upon the note and mortgage sued on were $32,567, together with $103.10 for abstracts and insurance, and $1,719 for attorney fees, as provided in the mortgage. This was sufficient on which to base a judgment for the sum of the three items mentioned, for which amount the judgment was rendered. There was no error in overruling the motion for a *venire de novo*.

2.

The motion for a new trial contained eighty specifications which resolve themselves into the contention that the finding and decision is not sustained by sufficient evidence, in certain particulars, and is contrary to law. Appellant's brief sets out twenty-four printed pages of what purports to be a "condensed recital in narrative form" of the evidence. But we are unable to find in the evidence, as set out in the transcript, several of the matters thus recited, and notwithstanding counsel for appellee, Reiff, asserted in his brief that no such evidence was given, and challenged appellant to indicate where it could be found, no reply brief was filed, and it has not been pointed out by pages and lines, or otherwise. Appellee's brief contains twenty printed pages purporting to narrate evidence given at the trial which it asserts was omitted from the narrative in appellant's brief or was inaccurately stated therein. No reply brief having been filed and this statement not being denied, we accept as true what appellee's brief says about the evidence. Rule 22, clause 5. *Milburn* v. *Phillips* (1894), 136 Ind. 680, 699, 36 N. E. 360;

3.

Ewbank's Manual (2d ed.) §181a; Elliott, App. Proc. p. 373, 443.

There was evidence which, if it be accepted as true and all evidence to the contrary be rejected as incorrect, is sufficient to prove the facts found by the trial court. Therefore the evidence is not insufficient. The undisputed evidence showed that appellant was occupying the mortgaged real estate as his residence at the time the mortgage was executed, and that this fact was known to the mortgagee. And appellant, relying on the rule that such occupation put the mortgagee on inquiry as to his title, insists that he was the owner at that time, and that the finding in favor of Reiff is contrary to law. But there was evidence fairly tending to prove that appellant and his wife conveyed the land to the mortgagors, by warranty deed, which was duly recorded, and that appellant signed a written statement that he was in possession of it, claiming under such mortgagors, in whom he stated the title was vested, and wrote a letter stating that he had sold it to them and was occupying it only as tenant, and made an affidavit that he was the grantor in a warranty deed conveying it to them, and that by means of such statements and affidavits he induced a title company to guarantee the title of the mortgagors to the land; and that appellee, Reiff, knew of and relied upon these facts in taking the mortgage. And there was evidence which, if believed, fairly tended to prove that appellant was a party to the execution of the mortgage, and received part of the consideration for which it was given, and afterward repeatedly acknowledged that he had only an "equity" in the land, subject to the mortgage. There was no error in overruling the motion for a new trial.

The special finding recited that appellant had bargained to purchase certain lands in California from the

appellees who executed the mortgage in suit, and to take that land subject to a mortgage thereon for $100,000, that it was conveyed to him subject only to a mortgage for $75,000, and appellant agreed with said appellees that they might negotiate a loan of $25,000 on his land in Indiana, and retain the proceeds, to make up the difference; that he deeded said land to them for that purpose, and the deed was recorded by his order, and that appellee, Reiff, made the loan in good faith in reliance upon the apparent title of the mortgagors and the acts of appellant aiding them to perfect their title, and without knowledge or notice of any rights of appellant in the mortgaged real estate, except as a tenant.

The conclusions of law to the effect that the mortgage should be foreclosed for the amount of the mortgage debt, as against appellant, were warranted by these findings.

The judgment is affirmed.