## CAMPBELL, ADMINISTRATOR, v. PAYNE, DIRECTOR GENERAL OF RAILROADS.

[No. 11,417. Filed May 30, 1923. Rehearing denied November 1, 1923. Transfer denied December 18, 1923.]

1. APPEAL.—*Executors and Administrators.—Death by Wrongful Act.—Statute.*—Appeals from civil actions by administrators to collect damages for death resulting from negligence are not controlled by the provisions of §§2977, 2978 Burns 1914, §2454 R. S. 1881, Acts 1913 p. 65, which pertain only to appeals from actions involving probate jurisdiction. p. 607.

2. APPEAL. — *Parties. — Examination of Record.* — Appellate courts may examine the record to determine who are proper parties on appeal. p. 607.

3. APPEAL.—*Parties.—Names.*—In an appeal from an action to recover for the death of plaintiff's decedent resulting from negligence in the operation of a railroad while the railroads were operated by the United States government, the fact that there was some confusion in the record as to the name of the Director General who was a party to the judgment will not invalidate an assignment of errors. p. 607.

4. PLEADING.—*Negligence.—Use of Expletives.*—In a pleading based on negligence, the use of the words "wanton," "willful" and "with criminal intent" in describing the acts of negligence adds nothing to the charge of negligence, as they are mere expletives. p. 609.

5. PLEADING.—*Negligence.—General Averments Sufficient.*—As a rule, general averments of negligence are sufficient to withstand a demurrer, a motion to make more specific being the proper manner of objecting thereto. p. 609.

6. RAILROADS.—*Complaint for Negligence.—Sufficiency.—Speed Ordinance.— Violation.—* Complaint based on negligence in

operating a railroad train through a city in violation of a speed ordinance, *held* sufficient. p. 609.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by James P. Campbell, as administrator of the estate of James B. Rink against John B. Payne, as Director General of Railroads and another. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*William E. Deupree, L. Ert Slack* and *George C. Rinier,* for appellant.

*John Rynerson, E. L. Branigan* and *George W. Long,* for appellee.

NICHOLS, C. J.—Action by appellant for damages arising out of the death of appellant's decedent, occasioned by the alleged negligence of appellee.

1. Civil actions by administrators, to collect damages for death resulting from negligence are not controlled by the provisions of §§2977, 2978 Burns 1914, §2454 R. S. 1881, Acts 1913 p. 65, which pertains to actions involving original probate jurisdiction. The appeal was in time. *Roach* v. *Clark* (1897), 150 Ind. 93, 48 N. E. 796, 65 Am. St. 353; *Mark* v. *North, Admr.* (1900), 155 Ind. 575, 57 N. E. 902; *Baker* v. *Edwards* (1901), 156 Ind. 53, 59 N. E. 174; *Holderman* v. *Wood* (1905), 34 Ind. App. 519, 73 N. E. 199.

By an examination of the record, we have no difficulty in determining the proper parties to this appeal, and this we may do. *City of Decatur* v. *Eady,*

2,3. *Exr.* (1914), 75 Ind. App. 688, 105 N. E. 590.

In effect, the action is against the United States government, and the fact that there is some confusion in naming Walker D. Hines, John B. Payne or James C. Davis as the Director General, these gentlemen having successively filled that office will not invalidate the assignment of error which names John B. Payne as

Director General. We regard it as a misprision of the clerk that Walker D. Hines, was named in the caption of the entry of the judgment, instead of the Director General with his official title, an error which should not be charged against the litigants. The objections to the assignment of error are technical, and no harm could have resulted to appellee because of the errors complained of. We suggest, however, that attorneys by giving more attention to the record may frequently save embarrassment. The motion to dismiss the appeal is overruled.

The substantial question for our consideration in this appeal is the court's action in sustaining appellee's demurrers respectively to the second and third paragraphs of the complaint. After formal averments, and preliminary facts, including the averment of a city speed ordinance and the violation thereof, the second paragraph of the complaint charges, in substance, that on November 25, 1919, appellant's decedent was in the act of crossing the tracks of the company at their intersection with Monroe street, in the city of Franklin, traveling on foot, and without any fault or negligence on his part, but solely by reason of the wanton, negligent, wrongful and willful conduct of said company, its agents and employes, in violation of the provisions of said ordinance, he was struck by the engine, drawing a train of cars, while he was upon said street; that it was the duty of said company at all times, when operating its trains along said right of way within the corporate limits of said city to keep a vigilant watch for all vehicles and persons on foot, either on or moving towards its tracks, and, on the first appearance of danger, to stop in the shortest time and space and otherwise to observe and perform all the municipal regulations and rules imposed upon it by said ordinance; that, had said train been running in the proper manner and

in compliance with said ordinance, the employes and servants of said company, in charge thereof, would have been able to have seen said Rink in time to have stopped and thereby saved him from injury and death; that the view from said crossing was unobstructed for sixty feet to the south of said crossing; that said company on said day wholly disregarded its duty and the provisions of said ordinance, and so negligently, unskillfully, and with criminal intent ran said train through said corporate limits; that it was run upon said Rink without his fault, thereby striking him with such force as to cause his death; that said death resulted from the negligence, unskillfulness, and criminal intent of the said company, its agents and servants. That said deceased was a carpenter working at the carpenter trade and was wholly dependent upon his daily work and labor for support and for the support of his family, consisting of a wife and children; that, by reason of the said careless, negligent and wanton conduct of the agents, servants and employes of said company producing the death of said Rink, appellant herein was entitled to recover from appellees damages in the sum of $10,000.

The third paragraph of complaint is substantially the same as the second except that it avers that the accident occurred upon appellee's right of way between Monroe and Jefferson streets instead of at the intersection of the railroad with Monroe street.

The theory of this complaint is clearly that of negligence and we regard such characterization as "wanton," "willful" and "criminal intent" as mere expletives. They add nothing to appellant's charge of negligence. There was no motion to make the complaint more specific, as to the negligence of the appellee, and the general averments of negligence are sufficient to withstand demurrer. *Indianap-*

*olis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; 71 N. E. 201; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 17 Am. Rep. 719; *Terre Haute, etc., Traction Co.* v. *Maberry* (1913), 52 Ind. App. 114, 100 N. E. 401. The specific facts averred which appellee contends show contributory negligence are not sufficient within themselves affirmatively to show contributory negligence, and appellant was not bound to aver additional facts. *Cleveland, etc., R. Co.* v. *Clark, supra; Indiana Union Traction Co.* v. *Reynolds* (1911), 176 Ind. 263, 95 N. E. 584.

The judgment is reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings.