## BRYAN *v.* REIFF ET AL.

[No. 12,327. Filed February 17, 1926. Rehearing denied May 11, 1926.]

1. HUSBAND AND WIFE.—*Wife not entitled to partition where her husband's grantees executed mortgage, which was fore-closed, although she was not party to the foreclosure.*—A wife was not entitled to partition under §3361 Burns 1926, §3052 Burns 1914, providing that wife's inchoate interest becomes absolute on a judicial sale of her husband's interest in real estate, where the husband was not the owner at the time of the execution of a mortgage, under the foreclosure of which the sale was made, notwithstanding she was not made a party to the foreclosure. p. 520.

2. DESCENT AND DISTRIBUTION.—*The statute providing that wife's inchoate interest shall become absolute on judicial sale of his real estate applicable only when husband's interest sold.*—In order that a wife may come within the terms of §3361 Burns 1926, §3052 Burns 1914, providing that her inchoate interest in her husband's land shall become absolute on a judicial sale thereof, the sale must be of her husband's interest in the real estate. p. 521.

3. VENDOR AND PURCHASER.—*Continued possession of grantors not notice to bona fide purchaser of rights claimed in land con-veyed contrary to warranty deed on record.*—The fact that a grantor and his wife continued in possession of land after conveyance by warranty deed duly recorded did not charge a *bona fide* purchaser with notice of rights claimed by them to the contrary. p. 521.

4. EVIDENCE.—*Special finding, and judgment in a cause properly admitted in evidence when adverse party had introduced other parts of record therein.*—Where the record of another case is admissible in evidence, the entire record should be received if requested, and where one party had introduced part of the papers and proceedings in a cause, the adverse party was properly allowed to introduce the special finding and judgment therein.   p. 521.

From Lake Circuit Court; *E. Miles Norton*, Judge.

Action by Winifred A. Bryan against Lester B. Reiff and others.  From a judgment for defendants on their cross-complaint and denying plaintiff any relief, the latter appeals.  *Affirmed.*  By the court in banc.

*Hodges & Ridgely,* for appellant.

*J. Kopelke,* for appellees.

THOMPSON, J.—Appellant brought this action for partition and to quiet title to certain real estate in Lake county described in her complaint, wherein she claimed to be the owner of the undivided one-third thereof.   To appellant's complaint, appellee Lester B. Reiff filed a cross-complaint in three paragraphs, the first being for strict foreclosure, the second ejectment, and the third to quiet title.   The facts alleged in the amended cross-complaint are, in substance, as follows:   That Louis A. Bryan was, on July 24, 1915, the owner of the land in controversy, and appellant Winifred A. Bryan was then, and ever since has been, his wife; that on July 24, 1915, they conveyed the said land, by warranty deed, to Sabina Fletcher and Maud R. Weidler, which deed was duly executed by Bryan and Bryan, and acknowledged, and before January 7, 1916, duly recorded; that thereafter the said Sabina Fletcher and Maud R. Weidler, together with their husbands, became indebted to appellee Lester B. Reiff, in the sum of $25,000, and they executed to him their notes therefor, on January 7, 1916, one for $5,000 due July 7, 1916, and one for

$20,000 due January 7, 1917, and, to secure said notes, executed to appellee Reiff a mortgage, duly acknowledged and recorded, on the land above mentioned; that on April 12, 1916, said Fletchers and Weidlers conveyed the said land to Bertha M. Hunter, which deed was duly recorded immediately after its execution; that on February 14, 1917, with the record title to said real estate in the condition heretofore set out, said Lester B. Reiff commenced an action against the Fletchers and Weidlers upon their $25,000 debt to him, and to forclose the mortgage given to secure same, and he made defendants to said suit the said Fletchers and Weidlers, Bertha N. Hunter and her husband, and Louis A. Bryan; that a change of venue was taken to the Porter Superior Court, where, on September 24, 1920, Lester B. Reiff was awarded a judgment upon said debt for $34,389.10 and costs, and foreclosing said mortgage and ordering the land described therein sold by the sheriff to satisfy the judgment; that on September 3, 1918, during the pendency of the foreclosure suit, in an action in the Lake Circuit Court, to which Lester B. Reiff was not a party, the said Louis A. Bryan obtained a judgment against Bertha N. Hunter and others declaring said Louis A. Bryan to be the owner of the tract of land in controversy, and quieting his title thereto against the defendants to his action; that on April 2, 1921, the sheriff of Porter county sold said land to Lester B. Reiff for the full amount of his judgment and costs thereon, and executed to Reiff his deed upon such sale, which deed he now holds, and under which he claims title to said land, and that appellant Winifred A. Bryan has no interest in it whatever; that appellant and her husband, Louis A. Bryan, unlawfully hold possession of said tract and prevent appellee from entering into the possession thereof, to appellee's damage in the sum of $500. To the amended cross-

complaint, appellant filed answer in general denial. The case was tried by the court and was decided against appellant. Judgment of strict foreclosure was rendered in favor of appellee to the effect that, within ninety days from the time of the rendition of the judgment, appellant should pay to the clerk of the court, for appellee's use and benefit, the sum of $37,195, and that thereby all claims of the appellee upon the tract in controversy should be fully removed and discharged in favor of appellant, and to her use and benefit, but that, upon her failure to make such payment and redemption, she should lose all claims to the real estate and all right, title and interest therein, and appellee's title to the tract should be quieted and he should have the right to the possession thereof. Appellant then filed a motion for a new trial, which was overruled, and appellant excepted.

Appellant assigns as error the overruling of the motion for a new trial, and, under this assigned error, contends, first, that the decision of the court is not sustained by sufficient evidence; second, that the decision of the court is contrary to law; third, that the court erred in the admission in evidence of the special finding of facts in the case of *Lester B. Reiff* v. *Louis A. Bryan, et al.* This last case cited was appealed, and is reported as *Bryan* v. *Reiff* (1922), 192 Ind. 264, 135 N. E. 886.

Appellant earnestly contends that she is entitled to partition under §3361 Burns 1926, which provides as follows: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married

woman now becomes absolute upon the death of her husband, whenever, by virtue of such sale, the legal title of her husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

Appellant insists that inasmuch as she was not made a party defendant in the case of *Reiff* v. *Bryan, supra,* she is not bound by the judgment in that case, 1. and that when her husband, Louis A. Bryan, lost the estate through a decree to which she was not a party, her right became vested. Under the evidence in this case, we think otherwise. The deed executed by Bryan and his wife to the Fletchers and Weidlers was a warranty deed in form, and bore seventy-five dollars in revenue stamps, indicating an actual sale, and this deed was duly recorded. The Fletchers and Weidlers then gave to appellee the mortgage, which was foreclosed, and the land sold at sheriff's sale and bid in by appellee for the amount of the judgment. *Quick* v. *Milligan* (1886), 108 Ind. 419; *Wisehart* v. *Hedrick* (1889), 118 Ind. 341; *Kiefer* v. *Klinsick* (1895), 144 Ind. 46. Appellee, at said sale, was not buying the land of Bryan and Bryan, but the interest in the land of the Fletchers and Weidlers at the time of the execution of the mortgage, and the appellant is in the same position as the wife of a man who takes property subject to a mortgage which is afterwards foreclosed. *Kissel* v. *Eaton* (1878), 64 Ind. 248; *Baker* v. *McCune* (1882),

82 Ind. 339; *Vandevender* v. *Moore* (1896), 146 Ind. 44; *Sarver* v. *Clarkson* (1901), 156 Ind. 316.

Appellant does not come within the terms of the statute under which she claims a one-third interest in the real estate as it does not come from a judicial

2. sale against her husband's real estate, *Haggerty* v. *Wagner* (1897), 148 Ind. 625; *Staser* v. *Gaar, Scott & Co.* (1906), 168 Ind. 131; *Pattison* v. *Wert* (1899), 153 Ind. 453; *Adair* v. *Mergentheim* (1888), 114 Ind. 303; *Barr* v. *Vanalstine* (1889), 120 Ind. 590.

The fact that the appellant and her husband remained in possession of the real estate did not charge the appellee with any notice of rights in them

3. contrary to their warranty deed on record. *Crassen* v. *Swoveland* (1864), 22 Ind. 427; *Tuttle* v. *Churchman* (1881), 74 Ind. 311; *Record* v. *Ketcham* (1881), 76 Ind. 482; *Ronan* v. *Meyer* (1882), 84 Ind. 390.

Appellant also complains of the court's ruling in admitting in evidence the special finding of facts in the case of *Lester B. Reiff* v. *Louis A. Bryan, et al.,*

4. tried in the Porter Superior Court. The record in this case shows that appellant herein introduced in evidence a part of the papers, record and proceedings in that case, and the court did not err in permitting appellee to introduce in evidence the special finding of facts and the judgment rendered in that case. *Foot* v. *Glover* (1837), 4 Blackf. (Ind.) 313; *Miles* v. *Wingate* (1855), 6 Ind. 458; *Dygert* v. *Dygert* (1892), 4 Ind. App. 276.

Finding no reversible error, the judgment is affirmed.

McMahan, J., not participating.