UNITED STATES EX REL. SMITH, COLLECTOR OF INTERNAL REVENUE *v.* MOORE ET AL.

[No. 28,106. Filed June 15, 1945.]

456

*Samuel O. Clark, Jr.,* Assistant Attorney General of United States, *Sewall Key* and *A. F. Prescott,* Special Assistants to Attorney General, and *B. Howard Caughran,* U. S. Attorney, and *Paul A. Pfister,* Assistant U. S. Attorney, both of Indianapolis, for appellant.

*Darby & Fitzgerald,* of Evansville, *Thomas J. Gallagher,* of Sullivan, and *Herman L. McCray, William F. Little, Wilbur C. Clippinger, Isidor Kahn, Curtis C. Plopper* and *John W. Spencer,* all of Evansville, for appellee.

RICHMAN, C. J.—Appellant's brief presents no question for review. It would serve no good purpose to detail herein all its insufficiencies. Appellant has been made aware of them by appellees' motion to dismiss the appeal. Without going to the record we are not able even to formulate an accurate statement of the issues and how they were decided. It appears from the record that appellant filed a verified claim asserting priorities in a receivership proceeding. Many other claims were filed and about a year after the receiver was appointed he filed a final account, itemizing his receipts and disbursements, listing all claims filed, recommending that they be paid in a certain order of priority, and requesting approval of the account and order of distribution accordingly. Several claimants, including appellant, filed exceptions to the account. There was a hearing participated in by appellant and thereafter an order approving the account and directing distribution as recommended by the receiver with certain exceptions set forth in the order. Appellant filed a motion for new trial which was overruled and this appeal followed.

The brief does not quote, abstract nor summarize the receiver's final account, appellant's exceptions, the order appealed from, or the motion for new trial. We find in that part of the order specifically referring to appellant's claim a recital that "the court having heard the evidence and being duly advised in the premises now finds, etc.". This sufficiently establishes the necessity for a bill of exceptions containing the evidence, absence of which appellant seeks to excuse on the ground that there was no "real testimony" submitted. There are other forms of evidence besides testimony.

Nine of the 11 assignments of error allege errors that clearly should have been presented in the motion for

a new trial and may not be independently assigned. The first assignment alleges failure of the court to rule on appellant's exceptions to the receiver's final account. We have shown above that a ruling was made. Appellant's real complaint is that the ruling was erroneous. Appellant's strange contention that § 3-2616, Burns' 1933 (Supp.), requires two rulings, the first on the exceptions and the second upon the account, is without merit. The issue was upon the exceptions to the account. Appellant participated in the hearing on that issue and the ruling approving the report decided that appellant's exceptions were not well taken.

The tenth assignment of error, in overruling the motion for a new trial, is the subject of "Proposition Ten" wherein appellant merely recites, without reason or cited authority, three specifications of the motion. Only two of these are statutory grounds for a new trial. One is that the decision is not sustained by sufficient evidence. Without the evidence before us it may not be considered. The other is that the decision is contrary to law. Sometimes a decision is contrary to law because it is not sustained by sufficient evidence. If that is appellant's contention it is already answered. If there is some other reason it should have been stated in the Proposition or some Point thereunder.

In our desire to decide appeals upon the merits we have many times overlooked deviations from the rules governing the form and content of an appellant's brief. But in those cases we were always able to ascertain the question to be decided and the brief contained a sufficient statement of the record to present the question. Here it does not. A decent respect for our rules requires that the appeal be dismissed and it is so ordered.

Note.—Reported in 61 N. E. (2d) 461.