FIRST NATIONAL BANK OF OTTAWA, ILLINOIS, EXECUTOR
v. FRAIKIN ET AL.

[No. 17,372. Filed October 9, 1945. Rehearing Denied October 27, 1945. Transfer Denied November 9, 1945.]

*Joseph E. Brown,* of Crown Point, and *George J. Glein,* of Ottawa, Illinois, for appellant.

*Roberts & Roberts,* of Lowell, and *Franklin Petry,* of Hebron, for appellees.

HAMILTON, J.—This is an appeal from a final judgment rendered in an action in which the issues as joined and submitted for trial required a construction

of the terms and provisions of the last will and testament of one Edward J. Fraikin, deceased. The cause was tried to the court which rendered its general finding to the effect that the plaintiff, appellant herein, take nothing by its complaint against the defendants, appellees herein, and judgment was rendered accordingly.

The sole error relied upon for reversal is that: "The Porter Circuit Court erred in overruling appellant's motion for a new trial for the reason that the decision of the court was contrary to law."

A consideration of this assignment of error requires an examination and review of the evidence to determine whether or not the evidence entitled appellant to relief which was denied him by the decision and finding of the court, since appellant makes no contention that the decision is contrary to law for any other reason. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905, 15 N. E. (2d) 1016; *Department of Insurance, etc.* v. *Indiana Trav. Assur Co.* (1945), 115 Ind. App. 285, 58 N. E. (2d) 761.

Rule 2-17 of the Supreme and Appellate Courts provides in part as follows:

"The brief of appellant shall contain short and clear statements disclosing: . . .

"(e) A concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript. . . . The record must be stated accurately and impartially. If the insufficiency of the evidence to sustain the verdict or finding of fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. . . .

Appellant's brief is prepared in conformity to the requirements of the above rule insofar as the pleadings

involved are concerned and the court's finding and judgment. With reference to a statement of the evidence in narrative form, all that is contained in appellant's brief is found on one printed page of the brief and reads as follows:

"The evidence introduced which bears upon the issues tried and determined by the court comprises the documentary instruments introduced both by the appellant and the appellees, being the promissory notes and mortgages executed by Daniel C. Fraikin and his wife, Mae M. Fraikin, one of the appellees herein, the last will and testament of the decedent, Edward J. Fraikin, book accounts of said Edward J. Fraikin, and promissory notes and bank statements introduced by the appellees, all of the above being introduced without objection and sets forth the material facts introduced as evidence. In addition to this is some oral evidence offered by Mae M. Fraikin, one of the appellees, which substantially was that Edward J. Fraikin, deceased, on August 31, 1934 in a conversation between Edward J. Fraikin, Daniel C. Fraikin and Mae M. Fraikin, said witness testified that said Edward J. Fraikin said that 'the mortgage in question was eight thousand dollars and continuing from that date on they were to have four hundred dollars a year to the time of his death and then it would be done for.' (Record, page 269, line 1, to page 274, line 28.) The plaintiff, the appellant herein, objected to this testimony and later moved that it be stricken out, which objection and motion to strike were overruled (Record, page 274, line 20). All the other oral evidence and documentary evidence not above enumerated in the cause pertained to the amount due on the mortgage and had no bearing upon the issue decided by the trial court."

An examination of the record discloses that the bill of exceptions containing the evidence consists of 180 typewritten pages, which include a stipulation covering one and one-half pages of the record, the oral testimony of 8 different witnesses, and

the contents of 30 exhibits—16 introduced in evidence by the plaintiff and 14 by the defendants. Nowhere in appellant's brief is there a quotation, abstract, or summarization of the testimony of any of the 8 witnesses, the stipulation above referred to, or the contents of any of the 30 exhibits, except as heretofore set forth. The above quoted portion of appellant's brief fails to meet the requirements of Rule 2-17, *supra. Sodders* v. *Jackson* (1942), 112 Ind. App. 179, 44 N. E. (2d) 310; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N.. E. 870; *United States ex rel. Smith* v. *Moore* (1945), 223 Ind. 455, 61 N. E. (2d) 461. It is apparent that it would be impossible for the court to determine whether or not the finding of the lower court is contrary to law from the meager statement of the evidence contained in appellant's brief. The appellees have not supplied this omission in their brief. Under our rules and the unbroken line of decisions of both the Supreme and Appellate Courts, the court is not required to search the record in order to determine whether or not a judgment is sustained by sufficient evidence or is contrary to law.

It is also thoroughly settled that the rules of court with reference to the preparation of briefs have the force and effect of law and are binding upon the parties litigant and also the court. *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78; *Iterman* v. *Baker* (1938), 214 Ind. 308, 15 N. E. (2d) 365; *Thompson* v. *C. C. C. & St. L. Rwy. Co.* (1937), 105 Ind. App. 97, 11 N. E. (2d) 81.

The last expression of our Supreme Court with reference to the failure to comply with Rule 2-17 in the preparation of an appellant's brief is found in the case of *United States ex rel. Smith* v. *Moore, supra,* in which the court says:

"In our desire to decide appeals upon the merits we have many times overlooked deviations from the rules governing the form and content of an appellant's brief. But in those cases we were always able to ascertain the question to be decided and the brief contained a sufficient statement of the record to present the question. Here it does not.

"A decent respect for our rules requires that the appeal be dismissed and it is so ordered."

In the instant case it is impossible for the court to ascertain from appellant's brief wherein the decision of the lower court is contrary to law without resorting to the record, which this court is not required to do.

Since appellant's brief fails to present any question for our consideration, the judgment of the lower court is affirmed.

NOTE.—Reported in 62 N. E. (2d) 874.