GROSS INCOME TAX DIVISION OF THE STATE OF INDIANA ET AL. *v.* W. B. CONKEY COMPANY

[No. 28,547. Motion to Dismiss Appeal overruled November 21, 1949. Decision on Appeal filed March 17, 1950. Rehearing denied May 25, 1950.]

Emmert, J., not participating.

*J. Emmett McManamon,* Attorney General; *John J. McShane, Lloyd C. Hutchinson* and *Edward L. Hamilton,* Deputy Attorneys General, for appellants.

*Charles G. Bomberger;* and *Bomberger, Morthland & Royce,* all of Hammond, for appellee.

YOUNG, J.—This case is before us now on a motion to dismiss the appeal for reasons growing out of an awkward record and a brief, which appellee criticizes, not entirely without cause.

This was an action by appellee against the Gross Income Tax Division of the State of Indiana only for a refund of gross income tax alleged by appellee to have been wrongfully collected. It was commenced on March 1, 1946. After the commencement of this action, the General Assembly passed an act creating the Indiana Department of Revenue and the Indiana Revenue Board, consisting of the Governor, Auditor and Treasurer. Acts of 1947, ch. 10, p. 49; §§ 64-2901 et seq., Burns' 1943 Replacement (1949 Supp.). The case was not reached for trial until June 28, 1948, on which day before the commencement of the trial the Gross Income Tax Division of the State of Indiana, the then only named defendant in the case, suggested the creation of the new department and new board and asked that they be made parties defendant to the action, and the court granted such request, and said Department and Board appeared by the Attorney General and his deputies and joined in the answer theretofore filed by the Gross Income Tax Division. The case was tried and the court found for plaintiff in the total sum of $30,278.60, and rendered judgment in that amount against the Gross Income Tax Division of the State of Indiana, the Department of State Revenue and the Indiana Revenue Board.

Thereafter a motion for a new trial was filed only in the name of the Gross Income Tax Division of the State of Indiana, which was overruled. Notwithstanding the judgment was made to read against the

Indiana Department of State Revenue and the Indiana Revenue Board, which the Gross Income Tax Division had caused to be made parties, no motion for a new trial was filed in their behalf and the judgment, as against them, was not otherwise attacked. This led to confusion and is at the bottom of the first phase of appellee's motion to dismiss the appeal.

The title to the assignment of errors filed in this court included as appellants all of those against whom judgment was rendered, and W. B. Conkey Company as appellee. The body of the assignment of errors, omitting assignments 1 and 2, which are not followed up in the brief and may therefore be ignored, reads as follows:

> "The appellant (singular) says there is manifest error in the judgment and proceedings prejudicial to appellant in this cause in this:—
> . . .
> "3. The Court erred in overruling appellants' (plural) motion for a New Trial."

Appellee claims that this appeal should be dismissed because the assignment of error presents no question for review in that it is made by a single, unknown and unnamed appellant, whereas there were three appellants named in the caption of the assignment against all of whom judgment had been rendered, and appellee says it is impossible to determine which one of them is assigning error.

Appellee also complains that the assignment of error challenges the overruling of appellants' (plural) motion for a new trial, whereas no motion for a new trial in behalf of more than one defendant was ever filed.

Technically and superficially there appears to be merit in these contentions of the appellee, but actually

we think there is not. As a matter of fact, the ██ action against the Gross Income Tax Division, and by the same token against any substitute agency charged with the duties formerly delegated to the Gross Income Tax Division, is, in substance, an action against the State of Indiana itself, and it has been so held in *Ford Motor Co.* v. *Treasury Department* (1945), 323 U. S. 459, 462, 463, 89 L. Ed. 389, 393, 394. That case involved an action against the Department of Treasury and the Board of the Department of Treasury of Indiana, for refund of gross income taxes, just as this case does. In that case, the Supreme Court of the United States said: "We are of the opinion that petitioner's suit in the instant case against the Department and the individuals as the board constitutes an action against the State of Indiana. . . ." (p. 463.) And it was also said in the opinion in that case: ". . . And when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants. . . . (Citing cases.) We are of the opinion, therefore, that the present proceeding was brought in reliance on § 64-2614 (a) and is a suit against the state." (p. 464.) The section 64-2614 (a), upon which the Ford case was based, is the same statute upon which appellee's action in the case before us was based.

In *Graham* v. *Russell, Aud.* (1899), 152 Ind. 186, 193, 52 N. E. 806, a county auditor undertook to open up an estate for the purpose of collecting back taxes of the decedent. It was claimed that he had no standing to bring such a proceeding, but it was held that he could not be considered as a stranger to the estate in question and, in explanation, the following language was used:

"Taxes which are assessed or imposed under the authority of the State for governmental purposes, either for the State direct or for some of its subdivisions, in a legal sense may be said to be the property of the State, and the latter is certainly interested in their collection. Therefore, if the order of final settlement in question is, as claimed by counsel for appellant, a bar to appellee in the discharge of the duties with which he is invested relative to the taxation of omitted property, it must follow that his right to institute and maintain this action, under the circumstances, cannot be successfully denied, and the steps which he has taken in the matter, in his capacity as county auditor, must, in legal contemplation, be deemed to be those of the State, and the action may be viewed as though it had been instituted in the name of the State upon the relation of appellee as county auditor, which is certainly a proper procedure." (p. 193.)

In *Campbell, Admr.* v. *Payne, Director* (1923), 80 Ind. App. 606, 607, 608, 148 N. E. 674, there was a motion to dismiss because of an alleged failure to name the proper parties in the assignment of error. The following quotation explains the questions presented and the basis for disposition of same:

". . . In effect, the action is against the United States government, and the fact that there is some confusion in naming Walker D. Hines, John B. Payne or James C. Davis as the Director General, these gentlemen having successively filled that office will not invalidate the assignment of error which names John B. Payne as Director General. We regard it as misprison of the clerk that Walker D. Hines, was named in the caption of the entry of the judgment, instead of the Director General with his official title, an error which should not be charged against the litigants. The objections to the assignment of error are technical, and no harm could have resulted to appellee because of the errors complained of. We suggest, however, that attorneys by giving more attention to the record may frequently save embarrassment. The

motion to dismiss the appeal is overruled." (pp. 607-8.)

It would seem, therefore, that the judgment rendered against these agencies of the state in the case before us was, in fact, against the state itself and that while three agencies are named as defendants there is, in fact, just one defendant, and the failure of the appellant to file a motion for a new trial on behalf of all the agencies and the fact that the assignment of errors was in behalf of only one of the agencies, is immaterial. One was enough to present the rights and liabilities of the state, the real substantial defendant. In this connection we call attention to the statute of 1947, by virtue of which this case reached the situation in which we find it. That statute simply transferred to the new agency, or agencies, the authority, power, duties, jurisdictions, appropriations, etc., of the old Gross Income Tax Division so that, in fact, while three agencies are named, they are one in function and power. Also by § 15 of this act it was provided that: "The adoption of this act shall in no wise affect any pending litigation. . . ."

It seems to us, therefore, that failure to name all three agencies in the motion for a new trial and to join all three in the assignment of errors does not defeat the right of the state to have the validity of the judgment herein determined upon its merits. We hold, therefore, that the confusion which has been permitted to creep into this record is not sufficient to justify a dismissal of this appeal.

The second phase of the motion to dismiss is based upon faults found with appellant's brief. It is contended that, except as to the verbatim stipulation of facts incorporated in appellants' brief, there is no reference whatever to pages

and lines in the transcript where the evidence recited may be found and that the brief therefore does not comply with the rules. That is true. Our Rule 2-17 (e) specifically requires references to pages and lines of the transcript in connection with the concise statement of the record. Appellant contends that Rule 2-17 (e) requires references to pages and lines of the transcript only in the statement of record, but does not apply to the condensed recital of the evidence in narrative form. This position is untenable. Rule 2-17 (e) requires a concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript, and then it goes ahead and says that if the insufficiency of the evidence is assigned, the statement shall contain a condensed recital of evidence in narrative form so as to present the substance clearly and concisely. The recital of the evidence in narrative form is part of the statement of the record referred to at the beginning of Rule 2-17 (e), and there should have been references to page and line of the transcript from time to time in such recital in appellants' brief in this case. The rule does not specify how frequently such references should occur. That is left to the discretion and good faith of the writer of the brief, having in mind the purpose of such references which is to expedite the job of checking the recital of the brief with the transcript when that seems to the court or opposing counsel to be necessary or desirable. We attribute the failure in this brief to a lapse or possible inexperience of the writer of this portion of the brief. The recital otherwise seems to be full and complete and carefully prepared and indicates a good faith effort to place before us all the evidence. As said in *United States ex rel. Smith* v. *Moore* (1945), 223 Ind. 455, 458, 61 N. E. 2d 461, in our desire to decide ap-

peals upon their merits, we sometimes overlook minor infractions of our rules governing the form and incidental content of a brief where there is manifest good faith and we are able to ascertain the questions to be decided. That is true in this case. There is an adequate index to the transcript and without too much trouble the recital of the evidence can be checked. We are unwilling to deny a consideration of the case upon its merits for so little reason.

Photostats of exhibits are incorporated in the record and brief in this case. The type in many of these photostats is smaller than that required by our rules. Appellants say this was necessary if the exhibits were to be reduced to the size of a brief page as prescribed in Rule 2-19. A few are reduced to such size that the type is so small as to be difficult to read, although all are legible if that word is defined as capable of being deciphered, for which there is dictionary authority. Most of them are easily read.

Provision for photostats of exhibits is not contained in our rules. They are, however, commonly used and serve a good purpose. Frequently they more accurately depict an exhibit than a transcription of it. In this brief the only photostats presenting real difficulty in reading are four or five representing "Terms and Conditions" on the back of contract forms On the originals this part of the forms is in very small type. Of course, we can't be sure, but it seems to us that the content of these terms and conditions cannot be material in respect to any phase of this law suit. If in this we are mistaken, it will be no great burden upon the appellee to set out in its brief the probably small portions of these terms and conditions, if any, which are necessary to an understanding of the questions sought to be presented to us. There must be a decent respect for our rules, but we do not believe that the alleged il-

legible exhibits in appellants' brief in this case should cause us to deny the state its right to have its case heard upon its merits.

The motion to dismiss is overruled.

Emmert, J., not participating.

NOTE.—Reported in 88 N. E. 2d 563.