INDIANA BONDING AND SURETY COMPANY *v.* STATE OF
INDIANA ET AL.

[No. 19,522. Filed November 20, 1961. Rehearing
denied January 16, 1962.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Stanley B. Miller,* Deputy Attorney General, for appellees.

KELLEY, J.—The appellant became surety on a recognizance bond in the penal sum of Five Thousand ($5000.00) Dollars for the appearance of an accused for trial in the Marion Criminal Court, Division No. 2, on a charge of the crime of sodomy. Upon the failure of the accused to appear for trial, at the due calling thereof, said bond was ordered forfeited and the clerk of said court was ordered to give notice to appellant of such forfeiture. Apparently appellant did not thereafter produce the defendant and after expiration of the aforesaid ten (10) day notice, judgment in favor of the State of Indiana and against appellant in the sum of Five Thousand ($5000.00) Dollars and costs was entered by the court.

Appellant appeals from said judgment and asserts that the decision of the court was contrary to law. Appellant predicates its said assertion upon two grounds, viz.: (1) that the notice given by the clerk was not sufficient, and (2) that the court made no finding that a sufficient notice was given.

Appellant says that the forfeiture of recognizance bonds is a statutory procedure; that there must be a strict compliance with the terms of the statute; and that any attempted forfeiture of a recognizance bond not complying with the statute is erroneous. Sec. 9-722, Burns' 1956 Replacement, is referred to in appellant's brief, but the said section of the statute mentioned is not set out in any form, verbatim or otherwise, in any part of appellant's brief. Since appellant relies on said section of said statute to support its contention that the notice given by the clerk was in-

sufficient, it was required by Supreme Court Rule 2-17(e) to set out in its brief "verbatim the relevant parts of such statutes as are deemed to have an important bearing." Failure to set out the relevant parts of the statute in the argument portion of the brief is a waiver of the point or contention dependent thereon. *Lander* v. *State* (1958), 238 Ind. 680, 685, point 6, 154 N. E. 2d 507.

Specifically, appellant complains that the notice signed by the clerk failed to fix a date in March, 1960, when it was mailed to appellant; that there is no order book entry showing the "filing of said notice"; and that the notice gave April 8, 1960 as the date of execution of the bond while said bond was declared forfeited on March 15, 1960. Appellee's brief states that the date of execution of the bond, as given in the notice, was a typographical error. No reply brief was filed by appellant controverting said statement. Therefore, we are warranted in accepting as true the fact as stated by appellees. *Bryan* v. *Reiff* (1922), 192 Ind. 264, 266, 135 N. E. 886; *Milburn* v. *Phillips et al.* (1893), 136 Ind. 680, 699, 700, 34 N. E. 983; *Nolte, Executrix* v. *Eyden* (1925), 82 Ind. App. 580, 581, point 2, 146 N. E. 866. The court rendered its judgment on May 9, 1960. So, any date in March, 1960 which may have been the true date when the notice was mailed is inconsequential since more than ten (10) days elapsed between such date in March, 1960 and May 9, 1960. In the absence of any citation by appellant of an applicable and pertinent statute requiring such, we are at loss to comprehend appellant's statement that there is no order book entry showing "the filing of said notice."

Appellant's second contention is that the judgment of the court contains no "finding" that the "purported"

notice given by the clerk was "substantially in the form of the statute" and no finding that the notice was "properly given" to appellant. We are referred to no statute by appellant which requires such a finding or which prescribes the "form" of the notice. Again, we find that appellees state that "the pertinent statute . . . does not prescribe a form to be used for the notice of forfeiture." And, again, we must accept this as true since appellant does not controvert it. *Byran* v. *Reiff, supra.*

Whether the notice was "properly given" to appellant would seem to be a matter to be shown by the evidence. Although the record entry of the judgment recites that the court heard the evidence, the appellant has brought up no bill of exceptions containing the evidence. Therefore, in favor of the judgment, we must presume that there was evidence which satisfied the court that the notice had been "properly given" to appellant.

Our attention is called by appellant to the case of *Starkie et al.* v. *State of Indiana* (1943), 113 Ind. App. 589, 49 N. E. 2d 968, as sustaining its position relative to the asserted necessary finding of the court. However, the court there, at the very beginning of its opinion on page 592, pointed out that "no evidence whatever was presented to or heard by the court." That is much different from this case wherein, upon the record recital, evidence was heard by the court but appellant has not seen fit to bring up the same. Here, also, there is no denial by the appellant that it received the notice and the record shows that the appellant was in court and appeared before the judge at the time the bond was forfeited on March 15, 1960.

Appellant's brief does not demonstrate that the decision of the trial court is contrary to law. *First Na-*

*tional Bank of Ottawa, Illinois, Executor* v. *Fraikin et al.* (1945), 116 Ind. App. 245, 250, 62 N. E. 2d 874.

The judgment appealed from is affirmed.

Pfaff, C. J., and Gonas and Bierly, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 65.