# NISWONGER v. STATE OF INDIANA.

[No. 22,305. Filed June 17, 1913.]

1. POISONS.—*Cocaine.—Unlawful Sales.—Persons Liable.—Statutes.*
—Under the act of 1911 pertaining to the sale of drugs (Acts
1911 p. 45) making it unlawful for any druggist or other person
to sell cocaine, except upon the written prescription of a duly
registered physician, etc., a druggist, although himself a reg-

istered physician, who sells cocaine except upon a prescription as therein provided, violates the act. p. 655.

2. CRIMINAL LAW.—*Appeal.*—*Evidence.*—*Sufficiency.*—Where there was some evidence to establish the offense charged, its sufficiency cannot be determined on appeal. p. 656.

3. CRIMINAL LAW.—*Evidence.*—*Means of Procuring Evidence.*— *Credibility of Witnesses.*—Where evidence to support a prosecution for unlawfully selling cocaine was procured by having a police officer give money to a State's witness to make the purchase, the manner employed in procuring the evidence, and the credibility of the witness who procured same, may properly be considered in seeing that justice is done. p. 657.

4. CRIMINAL LAW. — *Appeal.*— *Evidence.*— *Presumptions.*— Where evidence to support a prosecution for unlawfully selling cocaine was procured by having a police officer give money to a State's witness to make the purchase, it will be presumed on appeal that the trial court gave due consideration to the method employed to procure the evidence and the credibility of the witness who procured same. p. 657.

5. CRIMINAL LAW.—*New Trial.*—*Supplemental Motion.*—*Discretion of Court.*—While the matter of permitting a defendant to file a supplemental motion for a new trial in a case involving his life or liberty is within the sound discretion of the trial court, the refusal to entertain such a motion in a misdemeanor case, where the same was not filed for eighty days after the rendition of the judgment, is not an abuse of such discretion and the overruling of such a motion is not erroneous. p. 657.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Prosecution by the State of Indiana against Henry W. Niswonger. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John H. Aiken,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

SPENCER, C. J.—Appellant was tried by the judge of the Allen Circuit Court, without a jury, on the charge of having unlawfully sold cocaine, in violation of the act of 1911 pertaining to the sale of drugs (Acts 1911 p. 45). From a judgment of conviction, he prosecutes this appeal.

The act of the legislature on which this prosecution is

based provides "That it shall be unlawful for any druggist or other person to retail, sell, or barter or give away any cocaine * * * except upon the written prescription of a duly registered physician, licensed veterinarian, or licensed dentist, * * * except, however, that such cocaine * * * may lawfully be sold at wholesale upon the written order of a licensed pharmacist, or licensed druggist, duly registered practicing physician, licensed veterinarian, or licensed dentist."

Appellant first insists that the court erred in overruling the motion to quash each count of the affidavit on which this action was based. This affidavit is in two counts but for the purposes of the question before us it is necessary only to set out the first count, which is as follows: "Count 1. Walter H. Immel, being duly sworn, upon his oath says that on the 16th day of May, 1912, at the County of Allen, and the State of Indiana, Henry W. Niswonger, who was then and there a druggist, did then and there unlawfully sell to one John Burton at and for the price of one dollar, one-eighth of an ounce of cocaine, the said sale not being then and there made upon the written prescription of any duly registered physician, licensed veterinarian or licensed dentist, the said Henry W. Niswonger having then and there a license as a physician and a license as a pharmacist."

Without deciding whether appellant has properly presented any question as to the sufficiency of the affidavit, it is apparent that the offense defined in the statute applies to all persons and if a physician, although duly licensed, commits the act charged in this affidavit he is not excepted from the operation of the law. The statute in question prohibits the sale, barter or giving away of cocaine except under certain conditions and it was not intended to exempt licensed physicians from its terms. There is nothing in the act which will authorize a physician to operate a drug store and, as such druggist, to sell cocaine indiscriminately to any one applying therefor without hav-

ing a written prescription as required by law. Such prescription is a prerequisite to any sale of either of the drugs mentioned in the statute and must be retained on file by the person making such sale. There was no error in overruling the motion to quash the affidavit.

It is next contended that the circuit court erred in overruling appellant's motion for a new trial. There was some evidence of the sale as alleged and that it was made
2. without a prescription therefor. Whether such testimony carried conviction was a matter resting exclusively with the court which tried the case, and the sufficiency thereof can not be determined here. *Freese* v. *State* (1903), 159 Ind. 597, 604, 65 N. E. 915.

The remaining assignment is that the court erred in overruling the second or supplemental motion for a new trial. The original motion for a new trial was overruled and the judgment rendered on June 22, 1912. Appellant then prayed an appeal to this court, which was granted and an appeal bond was regularly filed and approved on said date. The execution of the judgment rendered was thereby stayed and appellant was given ninety days in which to prepare and file his bill of exceptions. On September 10, 1912, appellant filed his supplemental motion for a new trial, the substance of which motion is that the witness, John Burton, was given the money with which to purchase the cocaine from appellant by a police officer of the city of Fort Wayne for the purpose of securing evidence against appellant of his violation of the cocaine act, *supra*. The motion stated that said Burton was intimidated, threatened and coerced by said police officer and forced to make the purchase of the cocaine for the purpose of making a successful prosecution against appellant. The record of the evidence introduced at the trial shows that this matter was gone into at that time and was properly presented to the trial court for the purpose of affecting the credibility of the witness. While this method of securing evidence is not wholly to be commended or ap-

proved it is sometimes true that the conditions surrounding the commission of crime are such as to make the securing of proper and competent evidence as to such act a very difficult task. When evidence is secured in the manner suggested by appellant's supplemental motion for a new trial, the method so employed and the credibility of the witness securing the same may properly be considered by the trial court or jury in seeing that justice is done.

It must be presumed that such facts were so considered by the Allen Circuit Court in the trial of this case. Furthermore, in our code of criminal procedure it is provided (§2158 Burns 1908, Acts 1905 p. 584, §282) that "the motion for a new trial * * * must be filed within thirty days from the date of the verdict or finding". While the matter of permitting a defendant to file a supplemental motion for a new trial in a case involving his life or liberty is within the sound discretion of the trial court, as was said in *Dennis* v. *State* (1885), 103 Ind. 142, 147, 2 N. E. 349, we are constrained to hold that it would not be an abuse of such discretion to refuse to entertain such motion in a case involving a misdemeanor only, where the same was not filed for eighty days after the rendition of the judgment. Here the circuit court entertained such motion and did not err in overruling the same.

The judgment must be affirmed and it is so ordered.

Cox, J., concurs in conclusion.

Note.—Reported in 102 N. E. 135. Reported and annotated in 46 L. R. A. (N. S.) 1. See, also, under (1) 31 Cyc. 899; (2, 3) 12 Cyc. 906; (4) 12 Cyc. 894; (5) 12 Cyc. 702. As to the civil liability of apothecaries and druggists for selling poisons, see note to *Howes* v. *Rose* (Ind.), 55 Am. St. 257. As to the constitutionality, construction, and effect of statute prohibiting or regulating the sale of poisons, see 30 L. R. A. (N. S.) 519.