## SMITH *v.* STATE OF INDIANA.

[No. 26,878.  Filed March 10, 1938.  Rehearing denied
May 24, 1938.]

*Charles H. Wills, J. Chester Allen, Zilford Carter,* and *R. L. Bailey,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Thomas Longfellow,* Deputy Attorney-General, for the State.

FANSLER, J.—The appellant, a practicing physician, was charged in two separate affidavits with selling morphine to a young woman therein named. The cases were consolidated for trial, there was a trial, and a verdict of guilty in both cases. In one case the punishment was fixed at a fine of $100, and in the other a fine of $1.00, and there was judgment accordingly.

Error is assigned upon the overruling of appellant's motions for a new trial.

Appellant contends that the giving of the following instruction was error:

"I instruct you that the term 'good faith' as used in the act, means an honest intention on the part of the physician or person selling or administering the drug, that the person to whom the narcotics are sold or administered, is actually suffering from a physical condition which would suggest that narcotics might be used in accordance with good medicinal practice."

The affidavits charge that the sales of the narcotics were not made in "selling, dispensing, prescribing or administering said narcotic drugs in good faith and in the course of his professional practice." As we understand appellant's contention, it is that "good faith" is not defined in the statute, and is nowhere judicially described. We see nothing erroneous or prejudicial in the instruction. Three other instructions on the same subject were tendered by the appellant and given. From these instructions, the jury must have clearly understood that criminal intent was involved; and the defendant's rights in that respect were fully protected.

The appellant complains of an instruction concerning the testimony of character witnesses, which is in all substantial respects identical with the one set out and approved in *Ross* v. *State* (1933), 204 Ind. 281, 296, 182 N. E. 865, 870. Appellant complains that he had the right to have the jury consider previous good character in fixing the punishment to be administered in case he was found guilty, and that the instruction deprived him of that right by advising the jury that such evidence could "only" be considered in determining whether or not the defendant was guilty or innocent as charged. In this case it was the duty of the jury to fix the amount of punishment if the defendant was found guilty. The appellant did not tender an instruction, and the jury was not instructed, as to what might be taken

into consideration in fixing the amount of punishment. But it cannot be reasonably concluded that the jury understood, or was likely to understand, from the instruction given, that previous good character could not be considered, with all of the other circumstances of the case, in determining the amount of punishment. If the appellant desired a more specific instruction, it should have been tendered.

The appellant tendered an instruction upon the question of entrapment. There was no conflict in the evidence upon this question. Local police and federal narcotic agents furnished funds which the young woman, to whom the narcotics were sold, used in their purchase. She went to the appellant, with the knowledge of the officers, and one of them was secreted in her home on one of the occasions when narcotics were furnished. There is some evidence that the appellant had sold narcotics, or furnished them, to the same young woman on a previous occasion, and had been warned not to do so again. There is a sharp conflict in the evidence, but we are concerned only with that most favorable to the State. The entrapment rule, for which the appellant contends, does not require an acquittal in every case where public officers have provided the means which induced the offense. There are many cases in which officers have purchased intoxicating liquor, which was sold in violation of law, and in which the conviction was affirmed. See *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758. The jury is entitled to consider all of the facts and circumstances as affecting the credibility of the witnesses, but the mere fact that the unlawful sale of narcotics was at the solicitation of a person co-operating with public officers, who intended to commence a criminal prosecution, does not entitle the defendant to an acquittal. *Niswonger* v. *State* (1913), 179 Ind. 653, 102 N. E. 135, 46 L. R. A. (N. S.) 1. See

*Butts* v. *United States of America* (1921), 273 F. 35, 18 A. L. R. 143, and note.

The appellant tendered an instruction regarding good character, which characterized it as an "important fact with every man and never more so than when he is put on trial, charged with an offense which is rendered improbable by a uniform course of life, wholly inconsistent with such crime," and containing statements that, "where it becomes a man's sole dependence," it "may prove sufficient to outweigh evidence of the most positive character," and that "the most clear and satisfactory cases are some times rebutted by it." The language of the instruction is argumentative. A proper instruction was given, which authorized the jury to consider good character, together with all of the other facts and circumstances in the case, in determining the guilt or innocence of the defendant. The weight to which it is entitled is for the jury. It is proper for counsel to argue concerning the weight that it should be given, but it is improper for the court to do so. There are many statements in the decisions stressing the importance of good character, and the fact that it may in some cases outweigh positive evidence, but these statements are only made *arguendo* for the purpose of demonstrating the necessity for the admission of evidence of good character. The instruction was properly rejected.

It is contended that the verdict is contrary to law because of lack of evidence of an essential element of the crime charged; that there is no proof that the sale was not authorized by the laws of the United States. No law of the United States is pointed to as authorizing the sale. It is again contended that the act does not define "good faith"; that it has never been judicially defined; that, in determining whether the appellant had reasonable cause to entertain the belief that the administration and sale of the drug were required be-

cause of the illness of the person to whom it was sold, he must be judged from the standpoint of the defendant himself. There is evidence that the appellant told the young woman to whom the narcotics were sold that she could re-sell some of them and thus get money with which to pay for more; and there are other circumstances in evidence from which the jury could have concluded that the appellant was not administering drugs in the good-faith practice of his profession. "Good faith" needs no definition other than that implied by the words themselves. The jury was instructed that, when a physician attends a patient, it is presumed that whatever treatment he gives is given in good faith; that good faith means "good intentions and the honest exercise of his best judgment as to the need of his patient"; that errors of judgment are not evidence of lack of good faith. From these instructions, the jury must have clearly understood that the good-faith sale or administration of narcotics means without unlawful intention.

Judgment affirmed.

### ON PETITION FOR REHEARING.

FANSLER, J.—In his petition for rehearing, the appellant earnestly contends that the instruction concerning the testimony of character witnesses, which contained the statement that "the object, and only object, for the admission of these opinions is for you to consider them, together with all the other evidence in this cause, to determine whether or not the defendant is guilty or innocent, as charged," was erroneous and prejudicial to the rights of the appellant. As pointed out in the opinion, the instruction is in all substantial respects identical with the one approved in *Ross* v. *State* (1933), 204 Ind. 281, 182 N. E. 865. In that case it was said concerning the instruction (p. 297) : "We find nothing objec-

tionable in the instruction. It states the law correctly and properly clarifies the province of testimony of character witnesses." In that case, however, the jury was not charged with the responsibility of fixing the punishment in the event they found the defendant guilty. The appellant is correct in the contention that in cases where the jury fixes the punishment it may consider evidence of good character in determining what the penalty shall be. *Scherer* v. *State* (1919), 188 Ind. 14, 121 N. E. 369.

It is clear from the language of the instruction that its purpose was to advise the jury as to the weight and effect to be given to evidence of good character in determining guilt or innocence, and it is not unreasonable to conclude that the jury so understood it, and did not understand that, after a determination of guilt, they were precluded from considering the character of the defendant in determining the amount of punishment. Neither the state nor the appellant tendered an instruction, and the jury was not instructed, as to the matters to be taken into consideration in fixing the punishment. The verdict fixed the penalty at $1 fine in one case and $100 fine in the second case, without imprisonment in either case, under a statute which permitted a maximum punishment of $100 fine and six months' imprisonment in each case. In view of the small penalty, it cannot be reasonably concluded that the jury failed to take the character evidence into consideration. The penalty inflicted is not substantially above the minimum. See *Gross* v. *State* (1917), 186 Ind. 581, 117 N. E. 562.

The opinion is not to be construed as holding that an incorrect instruction will not be considered prejudicial unless the complaining party tenders a correct instruction. If the jury had been instructed that, in fixing the amount of punishment, they were *not* to consider evidence of previous good character, another question would

be presented; but, from the language of the instruction complained of, we conclude that the jury must have understood that it referred only to the effect to be given the testimony of the witnesses in the determination of guilt or innocence.

The petition for rehearing is denied.