WHITE *v.* STATE OF INDIANA.

[No. 29,582. Filed September 30, 1958.]

3. See: 4 C. J. S. (Appeal and Error), §92.

*Claude Cline,* of Huntington, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling, Merl M. Wall,* Deputy Attorneys General, and *J. Edward Roush,* Prosecuting Attorney, Huntington County, for appellee.

EMMERT, J.—This is an appeal from a judgment entered on a verdict that appellant was guilty of unlawful possession of morphine as charged in an affidavit. He was fined $100 and sentenced to the Indiana State Farm for a term of 180 days. The error assigned on appeal is the overruling of his motion for new trial,

which, *inter alia,* challenged the sufficiency of the evidence to sustain the verdict.

The evidence most favorable to the State shows that the appellant was first arrested for public intoxication. At about 1:30 o'clock on the morning of December 24, 1956, two Huntington city policemen were investigating a report that an out of town automobile was parked on a side street in Huntington, Indiana. As the police squad car approached with its red light flashing two men were seen starting to run toward the automobile under investigation. One turned off and ran up the street where he made his escape between two houses. The squad car was turned around and the police drove up behind the automobile in question. After repeated requests the appellant, who was then sitting in the front seat, stepped from that automobile, and he was searched. From his actions and the odor of intoxicants on his breath the officer determined appellant was drunk, and advised appellant he was under arrest for public intoxication.

On the floor of the right front seat of the automobile was found a bag of tools consisting of a sledge, punches, saw, hammer, chisel and wrenches. The city police requested the Sheriff's office for assistance in the search for the other man. Appellant, while being questioned at the scene, gave contradictory answers to questions concerning the bag of tools, the ownership of the automobile, his name, and the identity of the other man. The registration slip of the automobile showed erasures to the owner's name, and the motor and license numbers. The license plate on the car did not correspond to the number stated on the certificate of registration. Appellant gave his name as "Perry," but the registration was in the name of "White."

Upon the arrival of the Sheriff the arresting officer locked the automobile with the key taken from the ignition lock, and escorted the appellant to the county jail for booking. He then returned to the scene to assist in the search for the other man. Unable to find him the officers returned to the automobile, and the trunk was opened with the key taken by the arresting officer from the ignition lock. From the trunk was taken a duffel bag containing a number of small bottles. Some of these bottles were found to contain morphine. The discovery of the duffel bag occurred within one hour after the police received the report concerning the automobile, and while the search for the other man continued.

Appellant had been duly arrested for public intoxication before his car was searched. The search was made as an incident to a lawful arrest. *Smith* v. *State* (1939), 215 Ind. 629, 21 N. E. 2d 709; *Rucker* v. *State* (1948), 225 Ind. 636, 77 N. E. 2d 355; *Pettit* v. *State* (1934), 207 Ind. 478, 188 N. E. 784. The fact that the search was not made instanter upon his arrest did not make it illegal. Appellant had been in the car. It was registered in his name. He had started and then stopped the engine. The keys were in his possession. The jury had the right to infer that whatever was in the locked trunk was in his possession. Under the circumstances, the search was not unduly delayed, and there was no error in admitting the evidence as to what was found. The evidence was sufficient to sustain the verdict and it was not contrary to law.

Appellant did not testify in his own behalf nor did he offer any evidence in the cause. In his "Argument" section of his original brief he contends his constitutional rights were violated when the court gave the State's requested instruction No. 3.

Appellant fails to cite any section of either the State or Federal Constitutions which was contravened, nor does he cite any case to sustain his position. His brief fails to comply with Rule 2-17(e), and we are not required to construe §10-3536, Burns' 1951 Replacement, or determine its constitutionality. Nor is there any merit to his contention that the instruction confused the jury because of lack of evidence to prove the appellant was in possession of the morphine. We have already decided the jury had the right to find he was in possession of the morphine.

Appellant has presented no error in overruling the motion for a new trial.

Judgment affirmed.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 152 N. E. 2d 894.