LANDER *v.* STATE OF INDIANA.

[No. 29,639. Filed December 8, 1958.]

*John D. Clouse,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a finding by the court that appellant was guilty of felonious possession of narcotic drugs, to-wit: heroin, as charged in an affidavit. He was fined in the sum of $50 and sentenced to the Indiana State Prison for a term of not less than one nor more than ten years. The various specifications in appellant's assignment of errors will be noticed as the issues they present are decided.

The afternoon of Sunday, August 4, 1957, at about 2:30 o'clock, Inspector Barron and Lieutenant Kueber of the Evansville Police Department went to a two story brick business building at the corner of 5th and Chestnut Streets in said city to investigate gambling. They were outside the building on Chestnut Street and looked through a glass in a side door where the curtains were not entirely shut. They saw a card table at which were seated several men, including appellant. They were playing cards and had money, both currency and silver, on the table. The officers walked around to the 5th Street door which was open, and went through the front room to the back room where they arrested appellant for gambling.

They searched appellant after his arrest, and found upon his person a lipstick holder or tube, in which they found 14 capsules. Inspector Barron put his initials on the container, wrapped and sealed it and its contents, addressed the package to Captain Borkenstein of the Indiana State Police Department, and Sergeant Frank McElyea took it to the airport and sent it by air express to the addressee. Captain Borkenstein gave the package to officer Charles A. Davis on August 5th, and the next day the latter delivered it to Dr. Robert B. Forney, an associate professor of toxicology at the Indiana University School of Medicine at the Medical Center in Indianapolis, who tested one capsule and testified it contained heroin. Later the tube and remaining capsules were returned to Inspector Barron at Evansville who kept custody of them until they were introduced at the trial.

Dr. Forney testified the contents of the test capsule weighed about 100 milligrams, of which 6.4% was heroin, and that an average narcotic dose of heroin was 3 to 5 milligrams. He further testified heroin was a narcotic drug and a synthetic derivative of morphine.

Appellant did not testify at his trial, nor did he introduce any evidence in defense of the charge. He did testify on the hearing on his motion to suppress the evidence obtained by a search of his person. There was a conflict in the evidence as to whether the police officers could see through the glass in the door on Chestnut Street, but the trial judge weighed that evidence, and on appeal we will not weigh the evidence or determine the credibility of the witnesses. *Hess* v. *State* (1926), 198 Ind. 1, 4, 151 N. E. 405. The trial court was warranted in finding that appellant was committing a misdemeanor in the presence of the officers. A police officer may arrest without a warrant for a misdemeanor committed in his presence.[1] The gambling was taking place within the view of the arresting officers. After such an arrest the accused may be searched as incident to the arrest. *Rucker* v. *State* (1948), 225 Ind. 636, 77 N. E. 2d 355, and cases therein cited; *Brown* v. *State* (1951), 229 Ind. 470, 99 N. E. 2d 103.

There was no error in overruling appellant's motion to suppress the evidence, and the finding by the court was sustained by sufficient evidence.

Appellant filed a motion to quash the affidavit pursuant to §9-1129, Burns' 1956 Replacement, which was overruled. He contends the charge was not stated with sufficient certainty. The charge was appellant did "unlawfully and feloniously possess certain narcotic drugs, to-wit: heroin. . . ." Section 10-3520, Burns' 1956 Replacement, makes it unlawful to possess any narcotic drug or drugs except as authorized in the law of the United States or of the State of Indiana. Section 10-3538(b), Burns' 1951 Replacement

---

1. "All . . . police officers . . . may arrest and detain any person found violating any law of this state, until a legal warrant can be obtained." Section 9-1024, Burns' 1956 Replacement.

(Supp.), makes possession of "any narcotic drug," except as authorized under the laws of the United States or of the State of Indiana, a felony. The charge was pleaded substantially in the language of the statute, which did not require an accused to possess any given quantity of the drug. Under subsections (12) and (14) (a) of §10-3519, Burns' 1956 Replacement (Supp.), heroin is a narcotic drug. The charge was sufficiently specific. *State* v. *Lewis* (1924), 195 Ind. 344, 145 N. E. 496. Any man of common intelligence would know the act prohibited by the statute and the nature of the charge made that he was to defend. See *Lanzetta* v. *New Jersey* (1939), 306 U. S. 451, 59 S. Ct. 618, 83 L. Ed. 888.

Appellant also objects to subsection (14) (b) which in substance grants the Indiana Board of Pharmacy power to determine additional drugs to be "narcotic drugs" within the meaning of the Act. But appellant fails to show he was charged with the possession of any such drug, and this part of the Act did not impair or prejudice any right of his. Therefore, he cannot assert this part of the Act is unconstitutional. *P. C. C. & St. L. Ry. Co.* v. *State* (1913), 180 Ind. 245, 102 N. E. 25.

Appellant has failed to persuade us that the Indiana Uniform Narcotic Drug Act is unconstitutional under the Supremacy Clause of the Federal Constitution. He argues that because the Federal Government has legislated concerning narcotic drugs, the Indiana Act is therefore in conflict. This argument, if it has any semblance of merit, has been waived by failing to set out "in substance the relevant parts of such statutes as are deemed to have an important bearing." Rule 2-17 (e). We are not required to search the Federal statutes to try to find some seeming conflict.

Before the trial, appellant filed a motion, supported by affidavit, to produce one of the capsules seized by the police officers for a chemical analysis, the material part being as follows:

> "The defendant moves the court to require the plaintiff to produce before the trial of this cause, forthwith, or in time for this defendant to have a chemical analysis made the following, to-wit:

> One of the small, white capsules, packets, or other containers taken from this defendant on or about the 4th day of August, 1957, and allegedly containing heroin."

The court overruled this motion, and we find no error in this ruling.

Section 20 of Article 7 of the Constitution did not contemplate the merging of criminal procedure with equitable and civil procedure. When §2-101, Burns' 1946 Replacement, was amended by ch. 157 of the 1911 Acts, the latter amended the title and clearly limited the merger to "The redress of private wrongs."[2]

Section 9-2407, Burns' 1956 Replacement, does not purport to merge the procedure in criminal cases to make applicable the general rules of discovery in equitable causes.[3] Nor are all the civil code provisions on discovery applicable. The State could not compel an accused to answer interrogatories, for that would be compelling him to testify against himself. Section 14, Article 1, Constitution of Ind. Nor could the State take a conditional examination of the accused. Nor can the State take depositions in

---

2. ". . . and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." Ch. 157, Acts 1911, p. 415.

3. "In all criminal cases where no special provision has been made in this act, the rules of pleading and practice in civil actions shall govern, so far as applicable." Section 9-2407, Burns' 1956 Replacement.

violation of his constitutional right to confront the witness. See *Butler* v. *State* (1884), 97 Ind. 378. If the accused wishes to take depositions, he must waive his constitutional right to confront the witness when the State seeks to take depositions to aid the prosecution of the cause.[4] The defendant has no right to inspect the record of the evidence taken before the grand jury. *Thrawley* v. *State* (1899), 153 Ind. 375, 385, 55 N. E. 95; *Merrick* v. *State* (1878), 63 Ind. 327, 335. Nor would he be entitled to a copy of his own evidence before the grand jury. *Porter* v. *State* (1910), 173 Ind. 694, 700, 91 N. E. 340.

This court has previously held that production of papers in a criminal case is statutory in Indiana, and not an absolute right. *Weer* v. *State* (1941), 219 Ind. 217, 228, 36 N. E. 2d 787, 37 N. E. 2d 537. What the appellant was attempting in the appeal at bar was to assert an equitable right of discovery not based upon the civil code. *People ex rel. Lemon* v. *Supreme Court* (1927), 245 N. Y. 24, 156 N. E. 84, 52 A. L. R. 200.[5] The note in 23 Ind. L. Jl. 333 discusses the matter of discovery as it applies to civil cases.

Nor do the decisions of this state holding a defendant in a civil action is entitled to a physical examination

---

4. "A defendant, by leave of court or by written notice to the prosecuting attorney, may take the depositions of witnesses residing within or without the state, to be read on the trial; and the request of the defendant for such leave of court, or the giving by him of such notice to the prosecuting attorney, shall be deemed a waiver of his constitutional right to object to the taking of depositions of witnesses by the state, relative to the same matter, to be read on the trial: . . ." Section 9-1610, Burns' 1956 Replacement.

Under §1805 of the Revised Statutes 1881 a defendant could take a deposition conditionally even if the witness were going to be present and testify at the trial. *Tullis* v. *Stafford* (1893), 134 Ind. 258, 259, 33 N. E. 1023.

5. "In the absence of specific statutory provision authorizing a party to inspect material within control of his adversary, it has been held that the courts cannot order that this be done, . . ." 27 C. J. S. p. 108, §71.

of the plaintiff furnish any authority by analogy for reversing the trial court in this appeal. In *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 424, 60 N. E. 271, the defendant's verified motion requested the court to "select some competent, responsible, and unbiased physician and surgeon of the county to examine the head, leg, and eye of the plantiff before the beginning of the trial." A verified motion for a physical examination of the plantiff *by a physician selected by the defendant* should be overruled. *Kokomo, etc. Traction Co.* v. *Walsh* (1915), 58 Ind. App. 182, 197, 108 N. E. 19; 2 Lowe's Works' Indiana Practice p. 360, §36.19. Appellant's verified motion here sought to have the examination by an expert of his own choice. It is not necessary to discuss what should be the result if he had asked the court to appoint an unbiased and impartial chemical expert or toxicologist, since anything we might say now would be mere *dicta*.

If the appellant Lander was of the opinion that Dr. Forney was incompetent or had prejured himself, he could have moved for a chemical analysis of one of the capsules after they were introduced in evidence. There was not the slightest shadow cast upon Dr. Forney's credibility as an expert or an impartial witness. If the rules of criminal procedure are to be changed to permit a discovery of this nature, it should be done by statute or a rule of this court so that the trial court might feel safe in ruling upon such a motion on the basis of the law of this jurisdiction as it existed at the time of the ruling. There was no error in overruling appellant's motion.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 507.