WILSON *v*. STATE OF INDIANA.

[No. 29,699. Filed October 16, 1959.]

*Rufus C. Kuykendall* and *John Heeter,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of conviction in the Marion County Criminal Court, No. 1, on a charge of violation of the 1935 Narcotics Act, Acts 1935, ch. 280, §2, p. 1351, being §10-3520 Burns' 1956 Replacement.

The affidavit charging the offense, omitting the formal parts thereof, reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, JOHN G. TINDER, Prosecuting Attorney of the Nineteenth Judicial. Circuit, personally came WILLIAM OWEN ...... who being duly sworn, upon his oath says that RUSSELL WILSON ...... on or about the 6th day of March A.D., 1958, at and in the County of Marion in the State of Indiana, did then and there unlawfully possess a certain narcotic drug, to-wit: . . . Heroin, a derivative of Opium, at a time and place when said possession and sale was not authorized by the laws of the United States and the laws of the State of Indiana, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

/s/ WILLIAM OWEN

Subscribed and sworn to before me, this 12th day of March, A.D. 1958.

JOHN G. TINDER
Prosecuting Attorney
Nineteenth Judicial Circuit

/s/ By WILLIAM T. SHARP
Deputy Prosecuting Attorney"

Thereafter on April 24, 1958, a trial was had, by the court, without the intervention of a jury, resulting in the conviction of the defendant. At the conclusion of all the evidence the defendant moved for a discharge, said motion being overruled by the court.

On April 25, 1958, defendant filed his motion for a new trial, said motion being overruled on May 12, 1958.

The appellant assigns as error the action of the trial court (1) in overruling appellant's motion to quash the indictment herein, and (2) in overruling appellant's motion for a new trial.

Appellant's motion for a new trial contains six specifications, only two of which we deem properly before this court for consideration, viz:

"1. That the decision of the court is contrary to law.

"2. That the decision of the court is not sustained by sufficient evidence."

The statute on which this prosecution was based, Acts 1935, ch. 280, §2, p. 1351, being §10-3520 Burns' 1956 Replacement, reads as follows:

> "Acts prohibited.—It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, compound or use any narcotic drug or drugs except as authorized in the laws of the United States or of the state of Indiana, or for any person to be found in a public place under the influence of narcotic drugs."

Acts 1935, ch. 280, §18, p. 1351, being §10-3536, Burns' 1956 Replacement, provides further,

> "Exceptions and exemptions negatived in pleadings.—In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse,

proviso, or exemption, contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

The record in this case discloses that on March 6, 1958, the defendant (appellant) was arrested in the city of Indianapolis while in a car parked in the middle of Franklin Street in said city for improper parking. At the time of arrest he was searched, the search disclosing among other things, 20 capsules containing a white powder. At the trial evidence was adduced that an analysis was made of one of the capsules which showed that the powder therein contained heroin.

We think the evidence above summarized was sufficient to sustain the decision of the trial court, and the decision is not contrary to law. *Smith* v. *State* (1938), 214 Ind. 169, 13 N. E. 2d 562, 14 N. E. 2d 1017; *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507.

There was no error in overruling the motion for a new trial.

Judgment affirmed.

Achor, C. J., Arterburn, Bobbitt, and Landis, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 484.