WILLS *v.* MOTORISTS MUTUAL INSURANCE COMPANY.

[No. 19,627. Filed July 26, 1962.]

*Charles H. Wills,* of South Bend, for appellant.

*Crumpacker, May, Beamer, Levy & Searer* and *Arthur A. May,* of South Bend, for appellee.

KELLEY, C. J.—Appellant duly instituted this action against appellee. Appellant's complaint alleged, in substance, that there was "duly issued" to him by appellee a policy of "automobile insurance" by the terms of which appellee agreed to pay all sums which appellant should become obligated to pay for damages, etc., "arising out of the ownership or use" of a certain described automobile, within certain stated limits; that appellant paid the premium for a period of six months; that on May 17, 1960 the appellee "without cause" cancelled said policy; that because of said cancellation appellant "has been deprived of in-

surance coverage for compliance with the Financial Responsibility Laws of the State of Indiana"; that although appellant protested said cancellation as "wrongful and arbitrary;" the appellee "re-affirmed" said cancellation and refused to "state cause"; that appellant made diligent efforts to secure liability coverage through other agencies but the "companies" "will not accept any applicant for insurance who has had insurance cancelled by a previous carrier." Prayer was for judgment of $5000.00.

Appellee demurred to said complaint on the ground that it failed to state a cause of action against it. The court sustained the demurrer and upon appellant's failure to "plead pursuant to order of the Court," rendered judgment for appellee and assessed the costs against appellant.

Appellant assigns as error of the court the sustaining of said demurrer.

Appellant sets forth no part of said alleged policy in his brief. The appellee sets forth in its brief a portion of said policy designated as "conditions, subparagraph 23." No other part of the policy appears in either brief.

Said sub-paragraph 23 provides, in material and pertinent part, that—

"This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents; or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy or to the last address known to the company written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender

or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing."

Appellant's whole contention that the court erred in sustaining appellee's demurrer to the complaint is predicated upon the theory, advanced arguendo, that the "type" of insurance provided by the involved policy evidenced the "intention" of the parties that it was to be used by appellant "as proof" of his ability to respond in damages, when required, "under the Motor Vehicle Responsibility Act of Indiana." Appellant states, apparently in support of his said proposal, that the premium was paid for the period to October 28, 1960; that the coverage was for bodily injury liability and property damage; that there was a representation in the policy that "similar insurance had never been cancelled"; and that there was an "indorsement" as to "Financial Responsibility Laws." Appellant also makes reference, in his own language, to some of the asserted requirements of the "motor vehicle operators responsibility act."

Appellant's brief fails to comply with the Supreme Court rules in substantial respects. A copy of the alleged policy issued by appellee to appellant allegedly "attached" to and "made a part" of the complaint but no part, portion, or provision of said policy is set out in appellant's brief. Without a search of the record we are without knowledge as to whether the policy contained the "representation" referred to by appellant or whether it bore the referred to "indorsement." The rules are binding alike on the courts and the litigants and even though practical liberality of construction is both de-

sired and indulged in, the rules may not be relaxed or ignored to the extent of exacting of the members of the court a search of the record in quest of grounds for a reversal of the judgment appealed from. *Albertson et al.* v. *Nix et al.* (1944), 115 Ind. App. 128, 57 N. E. 2d 206; *Ross et al.* v. *Clore et al.* (1947), 117 Ind. App. 548, 74 N. E. 2d 747.

Only one authority is mentioned by appellant in his brief and it is from a foreign jurisdiction on the point, appellant says, that the courts will look "behind" the "terminology to ascertain what the parties intended to accomplish." No authorities are cited or quoted from by appellant in support of his expressed theory of the question sought to be presented. It is required by Rule 2-17(e) that the points presented in the "Argument" portion of the brief be supported by cited authorities. Our courts have stated that it is incumbent upon appellant on appeal to affirmatively show harmful error by argument and "citation of authorities." *Wright* v. *State of Indiana* (1958), 237 Ind. 593, 595, point 1, 147 N. E. 2d 551; *Greenwood* v. *City of Washington* (1952), 230 Ind. 375, 381, point 3, 102 N. E. 2d 642; *Stanley* v. *Gieseking et al.* (1952), 230 Ind. 690, 694, point 6, 105 N. E. 2d 171. Failure to so treat the asserted errors results in a waiver thereof. *Wright* v. *State, supra; Greenwood* v. *City of Washington, supra; Stanley* v. *Gieseking et al., supra.*

In the argument portion of his brief appellant refers to "Burns' Ind. Statutes Sec. 47-1027" as containing certain stated requirements and as supporting his stated proposition that appellee's cancellation of the policy "without cause" is against the public policy of the State of Indiana." No part or portion of said mentioned statute or any other statute

is quoted or copied by appellant either in haec verba or in substance. Again, Rule 2-17(e) provides that statutes "deemed to have an important bearing" on the points of fact and law presented in support of an assignment of error shall be set out "verbatim." It is held that the argument on the proffered point is waived by the failure to comply with said Rule 2-17(e) in the respects mentioned. *Lander* v. *State of Indiana* (1958), 238 Ind. 680, 685, point 6, 154 N. E. 2d 507; *White* v. *State of Indiana* (1958), 238 Ind. 498, 501, 502, point 3, 152 N. E. 2d 894; *Indiana Bonding and Surety Company* v. *State of Indiana* (1961), 132 Ind. App. 626, 178 N. E. 2d 65, 66, points 1, 2.

Appellant's omission to comply with the rules and to cite us to any provision of the policy or to any statute or case authority, domestic or foreign, in support of his stated tenet that appellee could not cancel said policy "without cause" and that its cancellation thereof was contrary to the public policy of the State of Indiana as evidenced by the provisions of the Motor Vehicle Responsibility Act of Indiana, presents us with no question to decide. Consequently, appellant has failed to establish error by the record.

Judgment affirmed.

Bierly, Pfaff, JJ., concur. Gonas, J., not participating.

NOTE.—Reported in 184 N. E. 2d 161.