Hector Saldivar **AMAYA**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 9119.

United States Court of Appeals
Tenth Circuit.

Feb. 13, 1967.

198

Juan G. Burciaga, Albuquerque, N. M., for appellant.

John Quinn, Albuquerque, N. M. (John A. Babington, Albuquerque, N. M., with him on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

On this appeal from conviction and sentence for violation of the narcotic laws, 21 U.S.C. § 174, 26 U.S.C. § 4705(a), appellant complains of the insufficiency of the government's evidence based in part on the testimony of a paid government informer.

The government's case follows the familiar pattern of cases of this kind in which enforcement agents search the informer's car and person and provide him with funds with which to purchase narcotics. There was evidence in this case that the two purchases were made under surveillance by the officers from a vantage point. After each purchase, the informer was followed to a rendezvous where he and his car were searched. The money was missing and the narcotics were found in his possession.

Appellant does not deny receiving the amount of purchase money provided for the transaction covered in Counts 1 and 2 of the indictment, nor does he deny having delivered to the informer the narcotics later found in his possession. He simply says he did not know the package he delivered to the informer was in fact narcotics. With respect to Counts 3 and 4, he does not deny the alleged contact with the informer, but he does deny that what he delivered to the informer under surveillance by the officers was narcotics. Instead, he contends and testified that he delivered merely a piece of paper on which was written a name and address. There was evidence tending to corroborate his testimony with respect to both transactions—testimony which, if believed by the jury, would have exonerated the appellant. The jury, however, chose to believe the incriminating testimony of the informer as corrobo-

rated by the testimony of the enforcement officers. The critical testimony of the informer is said to be totally unreliable and should be disregarded.

██ While the use of informers in criminal cases has been often criticized, their testimony has never been outlawed as competent evidence when admitted with instructions "calculated to call attention to the character of the testimony of the informer, leaving to the jury the ultimate question of value and credibility." Todd v. United States, 345 F.2d 299; see also Hoffa v. United States, decided December 12, 1966, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374. In unchallenged language the court instructed the jury that the informer's testimony should be considered "with caution and weighed with great care". Under these instructions, the weight of the informer's testimony was properly left to the jury.

██ Error is also assigned for refusal of the court to instruct the jury as requested on "possession" as that term is used in § 174 to authorize a conviction unless the defendant explains the possession to the satisfaction of the jury. After quoting § 174, Judge Bratton told the jury that the statute did not change the fundamental rule that the defendant is presumed innocent until proved guilty beyond a reasonable doubt; that the statute meant that if the jury found beyond a reasonable doubt that the defendant did have possession of the narcotics as charged, that fact alone, unless explained to the jury to its satisfaction, permitted it to draw the inference and find that the drug was imported contrary to law and to draw the further inference and find that the defendant had knowledge that the drug was imported contrary to law. The court then proceeded to define the term "possession" as used in the statute as including both actual and constructive possession. He told the jury that actual possession meant that the defendant knowingly had manual, personal or physical possession; that constructive possession meant that although the narcotic may be in the physical possession of another, the defendant knowingly had the power of exercising control over it; that possession was not limited to manual touch or personal custody; that it was sufficient to constitute possession under the statute if the defendant had knowledge of the presence of the narcotic and control over it; and that "power to produce or dispose of the narcotic was evidence of such control". The jury was then told that mere presence in the vicinity of the narcotic or for that matter mere knowledge of its physical location did not constitute possession. In the extended pre-argument conference on the instructions, counsel was advised that instructions on possession would be given in the language in which they were given. Defense counsel answered that he thought it was better than the one he submitted and withdrew his objection. No objections were voiced to the instructions after they were given, and moreover, we think they correctly stated the law. See United States v. Jones, 2 Cir., 308 F.2d 26; United States v. Landry, 7 Cir., 257 F.2d 425.

██ Point is also made of the instructions on conscious and purposive participation. But, again no objection was taken to the court's conventional instructions on aiding and abetting. In fact, counsel stated that he had no objection to the giving of these instructions as prepared. Moreover, they correctly stated the law. See United States v. Garguilo, 2 Cir., 310 F.2d 249.

The judgment is affirmed.