PINKSTON, ALIAS JOHNSON *v.* STATE OF INDIANA.

[No. 168S15. Filed October 25, 1968.]

*William H. Williamson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Rex P. Killian,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a conviction of the appellant for the crime of violating the 1935 Narcotic Act, as amended. It was specifically alleged in Count One of the Affidavit that the appellant had been the illegal possessor of a narcotic drug, to-wit: Morphine Sulphate. The conviction was rendered by the Court without the intervention of a jury.

In his brief the appellant alleges several errors committed by the Trial Court which he contends should authorize this Court to reverse the conviction. However, this Court may not consider all of these alleged errors.

The pertinent parts of the appellant's Motion for New Trial read as follows:

"Comes now the defendant, Robert Pinkston, in the above entitled cause and moves the court for a new trial thereof, upon the following grounds and for the following reasons:
  1. That the court erred at law in overruling defendant's objection to State's Exhibit No. 1.
  2. That the finding of the court is contrary to law.
  3. That the finding of the court is not sustained by sufficient evidence.
WHEREFORE, the defendant prays the court for a New Trial of said cause of action."

The pertinent part of Indiana Supreme Court Rules (1967), Rule 2-6, reads as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall

be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently. Amended June 28, 1960. Effective September 1, 1960, and shall apply only to cases filed on or after such effective date."

Therefore, any errors known to appellant, or those which may have been discovered with reasonable diligence, at the time of the filing of his motion for new trial, must be specifically alleged in the motion, or they may not be considered by this Court on appeal. *Bond* v. *State of Indiana* (1927), 199 Ind. 484, 158 N. E. 241.

Only those errors as enumerated in appellant's Motion for New Trial may be considered. Assigned error number one concerns the introduction into evidence of State's Exhibit #1. This exhibit was a bottle of morphine tablets found under the front seat of the automobile which the appellant was driving. The following excerpt is from the testimony given by the State's first witness (the officer who discovered the bottle) when he was confronted with the exhibit for the first time, i.e., when the exhibit was introduced into evidence.

"Q. Did you personally find anything in the vehicle?
A. Yes, sir, I found a bottle containing approximately four hundred white pills, under the front seat on the driver's side.
    MR. SMITH: I move that be stricken as a voluntary statement.
    THE COURT: Overruled.
Q. What did you do with this bottle?
A. I opened the bottle by unscrewing the cap and examined the contents and observed it was in fact white pills. I observed also the label on the front of the bottle.
Q. Officer, I will hand you a package and ask that you open this in the presence of the court. At this time, Lt.

Jones, I will show you what purports to be a bottle and ask if you can identify it. This is marked State's Exhibit No. 1.

A. Yes, sir, I can identify it.

Q. Would you tell the court what it is?

A. Yes, sir, this is the bottle I removed from under the front seat, the driver's side, of Defendant Pinkston's automobile he was driving December 3, 1964.

Q. Is this the self same bottle that contained the white tablets you testified about further?

A. Yes, sir, my initials and the date appear on the face of the bottle.

Q. What did you do with the bottle containing the tablets, if anything?

A. I observed the other members of the Narcotic Squad initial it and it was turned over to Narcotic Agent, Mr. Rankin.

Q. Have you seen it subsequently since it was turned over to the Federal Narcotic Agent?

A. I have not.

Q. Did you discover anything else in the automobile?

A. I did not, personally, no, sir."

From reading this testimony it is manifest that the only objection made was to the witness' answer, but no objection was made to the exhibit itself. It is elementary that the objection must be made timely in order to preserve an error for appeal. *Eiffe* v. *State* (1948), 226 Ind. 57, 77 N. E. 2d 750; *Beeler* v. *State* (1952), 230 Ind. 444, 104 N. E. 2d 744; *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570. Here there was no objection made to the exhibit nor does the record reveal that any Motion to Suppress Evidence was ever filed in this cause.

In his brief, appellant argues that there was insufficient probable cause to make the arrest without a warrant. There-fore, any search made incidental to such an arrest at that time was a violation of the appellant's rights against unrea-sonable search and seizure. In effect, he is attempting to

attack the introduction into evidence of this exhibit. However, this argument, in the form of a motion to suppress or a timely objection made at the trial, was not made before this appeal. It is made for the first time in the appellant's brief.

Therefore, we must rule that appellant's first assigned error, in his Motion for New Trial, may not be considered by this Court.

> ". . . no objections were made thereto at the time. A party may not sit idly by and make no objections to matters he might consider prejudicial, awaiting the outcome of a trial, and thereafter raise such question for the first time. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664." *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523.

Appellant's second assigned error simply states that the finding of the court is contrary to law. This phrase has been interpreted in *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870 thusly:

> " '. . . it is contrary to law, "when, in its general scope and meaning, it is contrary to the principles of law applicable to the case, and not merely defective in some particular."
> . . . "A motion for a new trial on the ground that the verdict or decision is contrary to law is in the nature of a demurrer to the evidence. It admits all the evidence given upon the trial, but says that, as the verdict or decision based upon such evidence is contrary to the general principles of the law applicable to the issues involved, judgment should not be rendered thereon."
> " 'We hold in accordance with the above-quoted statements, that a contention that a verdict is contrary to law, is in effect a contention that, if the general principles of law applicable to the evidence in this case, be applied, a different conclusion will necessarily be reached' " Quoting with authority from *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297, 298.

Therefore, in determining whether or not the finding in this case was contrary to law, we must look to the evidence in

order to determine what the facts are. This will also aid us in passing on appellant's last assigned error, that being that the finding of the court was not sustained by sufficient evidence.

On the evening of December 3, 1964, agents of the Indianapolis Police Department and the Federal Narcotics Agency were keeping under surveillance an intersection in the city of Indianapolis. They had been investigating the appellant for a possible narcotics violation. An informer had related to these officers that a meeting and sale was to occur at this location. The officers waited in a parked car within sight of the meeting place.

While the area was being observed, the appellant drove up in an automobile which contained a passenger as well. Both occupants of the vehicle left it and went into the laundromat which was on one of the corners of the intersection. There they met the police informer who had been placed in the laundromat by the observing officers. After a short conversation the three left the laundromat and seated themselves in the front seat of the automobile which the appellant had arrived at the scene in. The three remained seated for five-to-ten minutes where upon the informant left their company and approached one of the officers. The informant gave the officer a tablet which he said he had just purchased from the appellant. The officer tested it at that moment and ascertained that it was morphine. The officers then "closed-in" on the appellant and arrested him for a narcotics violation.

Subsequent to the arrest, the officers searched the car in which the appellant was arrested and found a bottle containing morphine tablets hidden under the seat, as well as some other morphine tablets secreted in a transistor radio. The appellant had no legitimate explanation for possessing these drugs.

In his brief, appellant contends that there was insufficient

evidence to show that he was in possession of the drugs. The informant did not testify, but the officers did.

In *White* v. *State* (1958), 238 Ind. 498, 152 N. E. 2d 894, a similar situation arose in which a party was arrested for public intoxication. His car was searched subsequent to his arrest. In the trunk a bag containing bottles of morphine tablets was discovered. On appeal, the appellant raised the issue of possession, and this Court stated:

". . . Appellant had been in the car. It was registered in his name. He had started and then stopped the engine. The keys were in his possession. The jury had the right to infer that whatever was in the locked trunk was in his possession. . . ."

Also, the following statement from *Wilson* v. *State* (1959), 240 Ind. 66, 161 N. E. 2d 484, lends support to the appellee's position:

"The record in this discloses that on March 6, 1958, the defendant (appellant) was arrested in the city of Indianapolis while in a car parked in the middle of Franklin Street in said city for improper parking. At the time of arrest he was searched, the search disclosing among other things, 20 capsules containing a white powder. At the trial evidence was adduced that an analysis was made of one of the capsules which showed that the powder therein contained heroin.

"We think the evidence above summarized was sufficient to sustain the decision of the trial court, and the decision is not contrary to law. *Smith* v. *State* (1938), 214 Ind. 169, 13 N. E. 2d 562, 14 N. E. 2d 1017; *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507."

We believe that the testimony of the officers as to their preceding observations, in addition to their finding the pills in the car with the appellant who had just driven the car to the scene, is sufficient evidence to warrant the court in finding that the appellant was, indeed, in possession of narcotics.

On appeal from a criminal conviction where sufficiency of the evidence is challenged, the Supreme Court cannot weigh

the evidence, but will consider only evidence most favorable to the State, and reasonable inferences that may be drawn therefrom to determine whether the jury is warranted in returning a guilty verdict. *Cockrum* v. *State* (1967), 250 Ind. 366, 234 N. E. 2d 479.

In the case at bar, the evidence was sufficient to sustain the finding of the court.

In again examining appellant's second assigned error, we find that the finding was not contrary to law. Burns' Indiana Statutes, Anno., (1956 Repl., 1968 Cum. Pkt. Suppl.), § 10-3520 (a), indeed, makes it unlawful for any person to be in the unathorized possession of narcotic drugs. The evidence clearly established the fact that the appellant was in such illegal possession. Consequently, we can see no reason to uphold appellant's second assigned error.

Since the appellant has not properly presented to this Court any error that would warrant us to reverse the lower court, we affirm.

Arterburn, Hunter, Jackson and DeBruler JJ., concur.

NOTE.—Reported in 241 N. E. 2d 138.