**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Felton F. STEMLEY, Jr., Defendant-
Appellant.**

**No. 27984**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1970.

Certiorari Denied June 1, 1970.
See 90 S.Ct. 1862.

Gerald P. Aurillo (court appointed), New Orleans, La., for defendant-appellant.

Louis C. LaCour, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM.

Felton Frank Stemley, Jr. was indicted on two counts for selling untaxed heroin without a prescription. After a jury trial he was convicted on both counts. The appeal presents two

contentions: First, that a comment by the Court indicated a feeling that the defendant was guilty; second, that defendant's conviction was based primarily on the testimony of an informer. Neither point is well taken. We affirm.[1]

■ During recross-examination of a government agent, counsel for the defense asked if other narcotics were found in a search of the defendant's premises. After a negative statement by the witness the Court interjected: "That is consistent with the defendant's statement, that he sold the last of his narcotics?" To which the witness answered in the affirmative. The court instructed the jury that they could and should disregard any comments by the court that were inconsistent with their findings under the evidence since the ultimate decision on the facts was solely within their province. The Court's remark is subject to biform interpretations, but whether it was a comment or a question, it standing alone, was in nowise improper. United States v. Campbell, 419 F.2d 1144 (5th Cir. 1969).

■ Typical of its procedures in many narcotics cases, the government used an informant to procure evidence upon which to base these convictions. The informant's testimony was corroborated by a federal and a state agent, by the discovery of identified currency marked with fluorescent powder on the person of the defendant and by testimony of a confession by defendant to government agents. The credibility of such an informer witness is for the jury. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 274 (1966); Amaya v. United States, 373 F.2d 197 (10th Cir. 1967); United States v. Dimsdale, 410 F.2d 358 (5th Cir. 1969). We also note that the court instructed the jury that they should consider self-interests of witnesses and that the testimony of an in-

former should be considered with caution and weighed with great care.

Neither of defendant's contentions are well taken.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.