VON HAUGER *v.* STATE OF INDIANA.

[No. 169S4. Filed June 8, 1970. No petition for rehearing filed.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the violation of the 1935 Narcotics Act. Upon a plea of not guilty, court trial was had resulting in a finding of guilty. Defendant was sentenced to the Indiana Reformatory for not less than two nor more than ten years and fined $1.00 and costs.

The evidence in this case discloses that the appellant was arrested for a traffic violation. Upon approaching the automobile after it stopped, the arresting officer observed the appellant attempting to slide an object under the seat of his automobile. Upon investigating, the officer discovered the object to be an automatic pistol. In recovering the pistol the officer also observed two foil covered packages on the floor of the car, which upon examination were disclosed to contain marijuana. Appellant was thereupon placed under arrest for the possession of marijuana. A passenger in the appellant's car was also arrested at that time, but was subsequently released.

It is appellant's contention that the finding of the marijuana in the automobile containing two persons was not sufficient evidence to establish the possession in the defendant, and further that the State never established by the evidence that the defendant was the owner of the automobile. We do not consider either of these contentions to be meritorious. The police officer upon approaching the car had observed the appellant placing something on the floor under the seat. It was in this location the officer found the marijuana. This is evidence upon which the trier of fact could reasonably find that the possession of the marijuana was in fact in the appellant. This would be true regardless of the ownership of the vehicle he happened to be driving at that time. *Pinkston* v. *State* (1968), 251 Ind. 306, 241 N. E. 2d 138, 15 Ind. Dec. 560.

We find that the packages containing marijuana were admissible in evidence; that there is ample evidence in the record from which the court could find that they were in fact in the possession of the defendant at the time of his arrest.

The trial court is, therefore, in all things affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I am unable to concur with the majority opinion and dissent thereto.

The appellant in the case at bar was tried and convicted of the crime of possessing marijuana. While possession may be either actual or constructive, for the element of possession to be established it must be proven beyond a reasonable doubt that the person charged with possession of a narcotic could knowingly exercise dominion or control over it. *Amaya* v. *United States* (10 Cir. 1967), 373 F. 2d 197.

However, mere presence in the vicinity of the narcotic is insufficient to establish possession. *Amaya* v. *United States, supra.*

Obviously, merely because one steps into a room in a building does not mean that that person is in possession of the items in that room. Similarly, one riding in an automobile is not necessarily in possession of every item in that automobile. Thus, other facts in addition to mere presence are necessary before a legal determination of "possession" may be made.

In the case at bar, however, the only evidence of "possession" is that the appellant was driving an automobile in which marijuana was found. There is absolutely no evidence that the car belonged to the appellant, or that it was within his exclusive control. Further, there is absolutely no evidence that

the appellant had any knowledge that there was marijuana in the car. It is possible that it could have been placed in the car, without the appellant's knowledge, by the person riding in the car with the appellant. Further, there is no evidence to establish that the appellant had the authority to exercise dominion or control over the marijuana. Thus, although the State established the appellant's presence in the vicinity of the narcotic, it failed to establish the ultimate element of possession in that it failed to prove that the appellant could knowingly exercise dominion or control over the marijuana. *Amaya* v. *United States, supra.*

The majority opinion, however, does not even grapple with this issue. It is satisfied with adopting the State's argument that the trier of fact could find from the evidence that the police officer saw the appellant place an object under the car seat. From this the majority opinion reasons that the trier of fact could conclude that the object the appellant placed under the seat was the packages of marijuana.

The fallacy of the majority opinion's reasoning is that the police officer testified that the object he saw the appellant place under the seat proved to be a gun. According to the State's summarization of the evidence adduced at trial, the arresting officer "*** saw Appellant attempting to cover something on the floor of the automobile, which the officer found to be a pistol." (Appellee's Brief, p. 2). Thus, by the State's own admission the officer did not see the appellant place the marijuana under the seat. Instead, the officer testified that the object he saw the appellant place under the seat proved to be a gun. Therefore, contrary to what the majority opinion contends, the evidence is undisputed that the appellant was not seen attempting to conceal the marijuana.

There being no evidence to establish the contention that the police officer saw the appellant in physical possession of the marijuana, the reasoning of the majority opinion on this point must fail. Indeed, I reiterate that the evidence, according to

the State's brief, was that the officer saw the appellant place a *gun* under the seat, not the marijuana.

It is my opinion that the judgment of the trial court should be reversed and the cause remanded with instructions to grant the appellant's motion for a new trial.

NOTE.—Reported in 258 N. E. 2d 847.